BREED v. LEHIGH VALLEY R. CO.

(Supreme Court, Appellate Division, Fourth Department.    March 3, 1909.)

1. MASTER AND SERVANT (§ 198*)—FELLOW SERVANTS—ENGINEER AND BRAKE-MAN.

    At common law an engineer and a brakeman on the same train would be fellow servants.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 503; Dec. Dig. § 198.*]

2. MASTER AND SERVANT (§ 181*) — INJURY TO BRAKEMAN — ENGINEER AS VICE PRINCIPAL OF RAILROAD COMPANY—STATUTORY PROVISIONS.

    The Barnes act (Laws 1906, p. 1682, c. 657) provides that, in actions against railroad companies by their employés for injuries, persons who, as a part of their duty for the time, have physical control or direction of the movement of an engine, car, or train, are vice principals, and not fellow servants. *Held* to apply to the case of a brakeman, injured by the negligence of an engineer in starting his engine too quickly, when signaled by him to start slowly, and to permit a recovery therefor.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 370; Dec. Dig. § 181.*]

3. MASTER AND SERVANT (§ 240*)—OPERATION OF FREIGHT TRAIN—DUE CARE ON PART OF INJURED BRAKEMAN.

    In an action against a railroad company for injuries to a brakeman, based on the negligence of the engineer in starting his engine too quickly when signaled to start slowly, the facts as claimed by plaintiff showed that he was standing on the rear end of the fourth car, looking down at another brakeman standing on the bumper of the fifth car, and, when the couplers parted, plaintiff stepped back six feet from the rear of the car and gave the engineer a signal to start slowly, but that the engineer disregarded it, and started so suddenly as to throw him off the end. *Held* that, on the facts as claimed, plaintiff was using all the care which a prudent man would use, who understood the use and ordinary jerking of cars in operating a freight train.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 754; Dec. Dig. § 240.*]

Appeal from Trial Term, Onondaga County.

Action by Arthur H. Breed against the Lehigh Valley Railroad Company.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Lewis & Crowley, for appellant.

Frank C. Sargent, for respondent.

WILLIAMS, J.    The judgment and order should be affirmed, with costs.    The action was brought to recover damages for personal injuries alleged to have resulted from defendant's negligence.

The action was tried as one at common law, but the plaintiff claimed the benefit of the Barnes act, so called (section 42a of the railroad law [chapter 657, p. 1682, Laws 1906]).    The negligence claimed was that of the engineer of the train in starting his engine too quickly, when the signal to him was to start slowly.    The plaintiff was a brakeman, was standing on the top of a freight car, and was thrown to the ground by an extraordinary jerk given to the car, and a car wheel

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

passed over his arm and so crushed it as to require amputation. The plaintiff was standing at the rear end of the fourth car, looking down at another brakeman who was standing on the bumper of the fifth car, releasing the coupling between the two cars. When the couplers parted, the plaintiff stepped back, six feet away from the rear of the car, and gave the engineer a signal to draw ahead slowly. The engineer disregarded this signal, and started so suddenly as to throw plaintiff off the end of the car.

First. The sole negligence alleged against the defendant was that of the engineer. At common law he would be a fellow servant of plaintiff, and no recovery could be had for such negligence. The Barnes act, however, provides that, in actions against railroad companies by their employés for injuries received in their service, persons who have, as a part of their duty for the time being, physical control or direction of the movement of a locomotive engine, car, or train, are vice principals of the railroad companies, and not fellow servants of such employés. We are unable to see why this act is not applicable to the present case, and why it does not permit a recovery for plaintiff's injuries, so far as the element of defendant's negligence is concerned. The trial court took this view of the case, and submitted fairly to the jury the question whether the engineer was guilty of negligence in the manner of starting the engine and train. We do not take the view, entertained by defendant's counsel, that it was the plaintiff, the brakeman, rather than the engineer, who was in control of the movements of the engine and train. He gave signals to the engineer, it is true; but the engineer was not under his control and was not bound to obey his directions. We think the trial court committed no error in the submission of this branch of the case to the jury.

Second. The question of contributory negligence was carefully and correctly submitted to the jury by the trial court. Among other things they were told that they must find, in order to render a verdict for the plaintiff, that the injury which he received was caused by something outside of the ordinary risks and dangers attendant upon the operation of a freight train; that whatever jerking or rapidity of motion was proper or necessary to accomplish the object they had in view, therefore, the plaintiff had no right to complain of; that it must be something more than the ordinary operation of a locomotive and cars which afforded him any basis for a recovery. There was considerable disagreement as to how the train was started, and how much jerking there was; the plaintiff testifying that the jerking was so extraordinary as to throw him six feet over the end of the car without striking it. Upon the facts as claimed by the plaintiff, he was using all the care which any prudent man would use who understood about the usual and ordinary jerking of cars in the operation of a freight train, and nevertheless the accident occurred as he detailed it.

We think the verdict, under the evidence and the charge, was one that the jury was authorized to render, and that it should not be set aside as contrary to the evidence, under the well-established rules applicable to such cases.

The judgment and order should therefore be affirmed.

Judgment and order affirmed, with costs. All concur.