# Cincinnati, New Orleans & Texas Pacific Ry. Co., et al. v. Goode.

(Decided March 28, 1913.)

## Appeal from Lincoln Circuit Court.

Railroads—Master and Servant—Personal Injury—Action for Damages—Contributory Negligence—Peremptory Instruction.—In an action by a brakeman against a railroad company to recover damages for personal injuries, evidence examined, and held that plaintiff's injuries were caused by his own negligence and that the trial court erred in refusing to give a peremptory instruction in favor of defendant.

JOHN GALVIN, J. W. ALCORN and K. S. ALCORN for appellants,

EMMETT PURYEAR, ROBERT HARDING and T. J. HILL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, W. E. Goode, brought this action against the Cincinnati, New Orleans & Texas Pacific Railway Company and its engineers, Harry Hollingsworth and John McCarthy, to recover damages for personal injuries alleged to have been caused by their negligence. The jury returned a verdict in his favor for $8,000. Judgment was entered accordingly and defendants appeal.

The principal error relied on by defendants is the failure of the trial court to direct a verdict in their favor.

According to the evidence for plaintiff, the accident occurred about 6:35 P. M., on the evening of March 18, 1910, in the yards of the railroad company at Ludlow, Kentucky.

At the time of the accident, plaintiff was a brakeman on a passenger train which was due at that time to leave the Ludlow yards for the purpose of going to the Union Central Station in Cincinnati. The passenger train was standing on the coach track, about 150 or 200 yards from its junction with what is known as the water track. The coach track is on the east and the water track on the west. As these tracks lead to the switch they approach each other. Plaintiff went forward to line up his switches so that his train might pass out. His train was due to leave, and had the right of way over the switch. Plaintiff fixed the switches and signaled McCarthy, the

engineer of the passenger train, to come on. At that time Hollingsworth, a hostler, was in charge of a yard engine which was standing about 180 or 200 feet from the switch. When the passenger train started to move out, Hollingsworth also started his engine. The trains were each moving at the rate of about three or four miles an hour. At that time plaintiff was standing at a point several feet distant from the switch. Perceiving Hollingsworth approaching with the yard engine, he stepped to the water track and commenced to signal him to stop the engine. Plaintiff stood with one foot on each side of the east rail of the water track, and began to give the stop signal by swinging his lantern across the track. This position was a proper one under the circumstances. There is also evidence to the effect that it was plaintiff's duty to protect the passenger train. Plaintiff took this position because he was afraid there would be a collision between the two trains. When plaintiff first noticed Hollingsworth approaching with the yard engine, the yard engine was about 120 feet from plaintiff. Plaintiff continued to signal Hollingsworth, but the latter refused to obey his signals, and kept approaching. At the point where the plaintiff was standing, the two tracks were from four to six feet apart. When Hollingsworth got within about ten feet of plaintiff, plaintiff, to avoid being struck by the yard engine, stepped off the track and was struck by the passenger engine in charge of McCarthy. He says that he was forced to jump because Hollingsworth kept approaching, and that he jumped in the direction of McCarthy's engine because that was the nearest way out of danger. When struck by McCarthy's engine he was knocked down, and his heel was caught and crushed by the engine. Hollingsworth was standing still when plaintiff got out from under the engine, but was moving when plaintiff jumped from in front of his engine. If Hollingsworth had obeyed plaintiff's signals, he would have stopped about two car-lengths from where plaintiff stood.

According to the evidence for the defendants, plaintiff asked McCarthy if he was ready to move out of the yards. McCarthy responded that he would be directly. About five minutes later McCarthy gave the signal of his departure, and started out of the yard at the rate of three or four miles an hour. From the starting point to the switch was a distance of about 500 feet. Hollingsworth's engine had been standing at a distance from

where plaintiff was struck of about 120 feet. Just before McCarthy "whistled off" and started down the track, Hollingsworth's engine began to move south at the rate of three or four miles an hour. When Hollingsworth heard the starting signal from McCarthy's engine, he stopped his engine so as to let McCarthy pass out of the yards. The place at which he stopped was 50 or 60 feet from the first switch, and something like ten feet from where plaintiff was struck. Hollingsworth stood there with his engine for two or three minutes while McCarthy was passing out. Hollingsworth was in his cab looking ahead from the time he started until he stopped. He saw nothing whatever of anyone giving any stop signals or signals of any kind. As McCarthy approached where Hollingsworth was standing, he saw plaintiff standing in the space between the two tracks, by the side of the left fireman's window of that engine, signaling McCarthy to come ahead. As McCarthy passed plaintiff he saw plaintiff move forward and step on the pilot of the passenger engine. As plaintiff got aboard the pilot he gave McCarthy a signal over his shoulder with the lantern. As McCarthy saw plaintiff mount the pilot he withdrew his head from the side window and began to look through the front window. From that position his view of plaintiff was obstructed. William Baker, a switchman, standing about three car-lengths from where plaintiff received his injuries, saw plaintiff's lantern fall, and heard him cry out. He thereupon signaled McCarthy to stop. McCarthy did not see plaintiff struck, or hear his cry. When he stopped he was informed that someone had been hit. He went back up the track and found plaintiff lying between the water track and the coach track about 40 feet north of the switch frog, and ten or fifteen feet south of where Hollingsworth's engine was standing. The conductor of the passenger train came up and asked plaintiff how the accident had happened, and plaintiff replied that he had slipped off the pilot. Plaintiff denied making this statement. On cross-examination McCarthy testified that it was plaintiff's duty if he saw an engine coming down the other track to step out and signal across the track for the engine to stop. It was plaintiff's special duty to protect McCarthy's train. McCarthy also testified that if he had seen and known that the yard engine was coming down there to the same point, and could have seen and known that plaintiff was across the track sig-

naling the yard engine to stop, and that the yard engine had gotten down that far and was still moving, it would have been his duty to stop his train and assist in avoiding a collision. Hollingsworth also testified on cross-examination that it was plaintiff's duty if he saw Hollingsworth coming and knew that McCarthy was also coming, to signal across the track for Hollingsworth to stop.

Plaintiff bases his right to recover on the following facts: The passenger and the yard engine were both approaching the switch. If they came on a collision was inevitable. The passenger train had the right of way. It was plaintiff's duty to protect that train. To this end, when he saw the yard engine approaching, it was his duty to signal across the track for the yard engine to stop. To do this he took a position astride the east rail of the track on which the yard engine was approaching. He continued to swing his lantern across the track. Hollingsworth, the hostler in charge of the yard engine, failed to obey his signals. The yard engine continued to approach. Intent on the stopping of the yard engine, plaintiff remained on the track until the yard engine was within about ten feet of him. The yard engine being still in motion, and he being in a position of peril and acting in an emergency, stepped the shortest way out of danger to the east side of the track. In doing this he came in contact with McCarthy's engine, and was thereby injured. It is therefore insisted that there was sufficient negligence on the part of both McCarthy and Hollingsworth to take the case to the jury. Hollingsworth, it is claimed, was negligent because he failed to obey the signals to stop his engine. McCarthy was negligent because, in the exercise of ordinary care, he could have known that plaintiff was signaling Hollingsworth to stop, that Hollingsworth was not obeying the signals, and that there was danger of a collision between the engine and the train, and that with such knowledge he negligently failed to stop his train before striking plaintiff.

In passing on the question of a peremptory instruction, it must be remembered that plaintiff signaled McCarthy to come on, and that he knew McCarthy was coming. Indeed, he bases his whole case on the fact that McCarthy was coming, and that it was his duty to stop Hollingsworth in order to avoid a collision. All the witnesses agreed that the two engines were approaching at the rate of three or four miles an hour. They were,

therefore, coming no faster than a man can walk. As a matter of fact there was no reasonable necessity for plaintiff to take a position astride the east rail of the water track for the purpose of waving his lantern across the track. He could have stood on either side of the track and performed this duty without any danger to himself whatever. Indeed, if he had stood on the west side of the west rail of the water track, he would have been in a much more advantageous position for the purpose he had in view, for Hollingsworth, being on that side of the engine, would have had no difficulty in seeing the signals. His peril while in that position was entirely of his own creation. Having voluntarily occupied this position until it became one of peril, he then stepped against McCarthy's engine, which he was facing at the time, which he had signaled to come on, which he knew was approaching and which he was trying to protect, when he, in the exercise of ordinary care, could have stepped to the west side of the water track or in between the two tracks, and have been entirely safe. Furthermore it must be remembered that even though Hollingsworth was negligent in failing to obey plaintiff's signals, plaintiff was not struck by Hollingsworth's engine. He was struck by McCarthy's engine, which he knew was coming. Even if it be conceded that it was proper for him to stand on the water track and wait until Hollingsworth's engine got so close to him that he had to jump, he was not justified in stepping against McCarthy's engine, which he knew was coming, when there were other positions which he could have occupied without danger to himself. When we consider the slow rate of speed with which the trains were approaching, it cannot be said that there was any emergency that justified his stepping against McCarthy's engine, which was in plain view, and which he knew was coming. No negligence at all on the part of McCarthy was shown. While it may have been true that if McCarthy knew that Hollingsworth was not obeying plaintiff's signals, and that a collision would take place between the two engines if his train was not stopped, it would have been McCarthy's duty to stop his train in order to avoid a collision, plaintiff, as a matter of fact, was not injured by any collision. He was injured simply because he stepped against McCarthy's engine. Knowing that plaintiff had signaled for him to come on, and that plaintiff knew that he was coming, McCarthy had no right to anti-

cipate that plaintiff would step against his engine. Plaintiff himself, says that he stepped quickly from in front of Hollingsworth's engine and came in contact with Mc-Carthy's engine. When plaintiff did come in contact with McCarthy's engine, no amount of care on the part of McCarthy could have saved him. McCarthy, therefore, was guilty of no negligence so far as plaintiff was concerned. While Hollingsworth, if he failed to obey plaintiff's signals, was negligent, his negligence was not the cause of plaintiff's injury. Had it not been for plaintiff's negligence in stepping against McCarthy's engine, which he saw and knew was coming, plaintiff would not have been injured. We therefore, conclude that the trial court erred in refusing the peremptory asked for by the defendants.

Judgment reversed and cause remanded for a new trial consistent with this opinion.