## Cincinnati, New Orleans & Texas Pacific Railway Company, et al. v. Goode.

(Response filed October 7, 1913).

### Appeal from Lincoln Circuit Court.

Railroads—Federal Employes Liability Act.—An employe received injuries while engaged in interstate commerce, but as the case was tried in the lower court without reference to the Federal statute, It is remanded for a new trial under that statute. (For original opinion see 153 Ky., 247.)

JOHN GALVIN, J. W. ALCORN and K. S. ALCORN for appellant.

O'REAR & WILLIAMS, EMMET V. PURYEAR, ROBERT HARDING and T. J. HILL for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL—Overruling petition for rehearing.

The opinion in this case may be found in 153 Ky., 247. Under the facts of this case as they were developed in the evidence, appellee was engaged in interstate commerce when he received the injury complained of. See opinion of Supreme Court of United States in Pederson v. Delaware, L. & W. R. R. Co., 229 U. S., 146, and St. L., S. F. & T. R. R. Co. v. Seale, 229 U. S., 156. But the case, as made up in the lower court by the pleadings, evidence and instructions, was practiced under the rules of law prevailing in this State and not under the Federal Statute known as the Employes Liability Act, and we do not see our way clear, in the condition of the record as it now stands, to define the rights of appellee or the liability of the appellants under the Federal Statute. But on the return of the case the court will permit the parties to tender and file such amended pleadings as they may

desire, and will ·hear and adjudge the case under the Federal Statute and in accordance with the rules of law and practice applicable thereto. This direction, however, is not to prejudice the right of the railroad company to make and rely ·on any defense it may have.

So much of the opinion as directs that a peremptory instruction be given, had reference to a trial under the state law, and is withdrawn, but this is not to preclude the trial court from giving such an instruction on a re-trial, if it is proper to do so. See opinion of the United States Supreme Court in Norfolk & Western Railway Co. v. Earnest, 229 U. S., 114.

With this modification the petition for a rehearing is overruled.