## Louisville & Nashville Railroad Company v. Moore.

(Decided January 8, 1914).

## Appeal from Warren Circuit Court.

1. Master and Servant—Pleading—Election Between Federal Act and Common Law.—Where an employe of a railroad company is injured, and in a suit to recover damages, states his cause of action in the alternative under the Federal Employers' Liability Act and the common law prevailing in this State, he should be required to elect under which law he will prosecute his action, but the failure of the court to require him to elect will not amount to reversible error unless it appears that the substantial rights of the defendant were prejudiced by the ruling.

2. Master and Servant—Pleading—Motion to Elect Between Causes of Action—Harmless Error.—Where the plaintiff brought suit to recover damages for personal injuries and stated his cause of action in the alternative under the Federal Employers' Liability Act and the common law, and the court, at the conclusion of the evidence, ruled that the action must be prosecuted under the common law, the defendant was not in this case prejudiced by the failure to sustain his motion to elect before the trial was commenced.

3. Master and Servant—Fellow Servant.—Where two separate crews of men are engaged in repairing a car under the supervision of the same foreman, they will not be treated as fellow servants of each other when they are engaged in separate, distinct kinds of work and neither crew has anything to do with the work being performed by the other crew, and the master will be liable if an injury is sustained to a member of one crew by the negligence of a member of the other crew.

4. Master and Servant—Right of Servant to Recover for Personal Injuries Caused by Insufficient or Incompetent Men.—Where a servant is injured by reason of the fact that the master has not sufficient men to do the kind of work engaged in, or where some of them are incompetent and so known to be by the master, a servant who suffers injury on account of either of these things may recover damages from the master.

BENJAMIN D. WARFIELD and SIMS & RODES for appellant.

WRIGHT & McELROY, HAZELRIGG & HAZELRIGG and B. F. PROCTOR for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, a carpenter, was engaged as a car repairer by the appellant company, and while engaged in repairing a car was struck and seriously and permanently injured by a plank that fell from the top of the car. To

recover damages for the injury thus sustained, he brought this suit, and on a trial before a jury there was a verdict and judgment in his favor for $12,500.

At the time of his injury Moore was about twenty-eight years old and a strong, vigorous young man. He was a carpenter by trade and had been working for the railroad company as a car repairer about ten months before he was hurt. On the day he suffered the injury complained of he was directed by Jacobs, the foreman in charge of this class of work, to repair a freight car standing in the railroad yard at Louisville. He had a helper working with him by the name of Turpin. After they had finished repairing the floor in the car, it was discovered that the car door needed some attention, and for the purpose of repairing it the appellee and Turpin were standing outside of but near to the side of the car. At the time appellee and Turpin were engaged in laying the floor, and also when they were repairing the door of the car, three other men, employed by the company, were engaged in putting new running boards on the top of the car. These two sets of men, although working on the same car and under the same foreman, had no duties in common to perform. They were engaged in separate, distinct kinds of work, and the appellee testifies that he did not know that running boards were being put on the top of the car by men engaged in that work.

A man named Herbold was head carpenter engaged in putting the running boards on the car, and was assisted by two laborers, Torstick and Stone. It appears that Herbold stood on top of the car and that Stone and Torstick handed the boards from the ground up to him. Two running boards had been put in place on the top of the car, and Torstick and Stone had picked up a third board, which was a heavy pine board about 34 feet long and 8 inches wide, that would weigh about 130 pounds. Torstick was at one end of the board and Stone at the other, and after they had carried it on the ground to the end of the car, Torstick climbed a stepladder with the board and handed the end of it up to Herbold on top of the car, and, after doing this, Herbold pulled the board and Stone pushed from the other end. When Herbold had pulled the board so far up on top of the car that the end Stone had hold of was beyond his reach, the board got away from Herbold and slipped from the top

of the car, falling down on the side at which appellee was engaged in repairing the door. When the board fell it struck appellee, inflicting the injury sued for. At the time the board fell no person had hold of it except Herbold. Torstick, it seems, let the board go after he lifted the end high enough for Herbold to catch it, and when Stone had pushed the board up on top of the car as far as he could, standing on the ground, his connection with it ceased.

Returning now for a moment to the pleadings, it appears that in the petition a recovery was sought under the State law, but afterwards an amended petition was filed setting up the Federal Employers' Liability Act, and it was pleaded in the alternative that plaintiff's cause of action arose under this act or the common law in force in this State. A motion was made in behalf of the railroad company to require the plaintiff to elect whether he would prosecute his action under the common law prevailing in this State or under the Federal Act, but this motion was overruled.

Upon the conclusion of the evidence for the plaintiff, the court overruled a motion to direct a verdict in favor of the company, but after all the evidence was in, correctly ruled, in response to a request of counsel for the company, that the case did not come within the Federal Act, and that the plaintiff's cause of action arose under the common law, but overruled a motion for a peremptory instruction.

It is now insisted that the court erred in overruling the motion to require the plaintiff to elect whether he would prosecute his suit under the Federal Employers' Liability Act or under the common law. The motion to elect should have been sustained. S., C. & C. St. Ry. Co. v. Finan, 153 Ky., 340; Louisville & Nashville R. R. Co. v. Strange, 156 Ky., 439. But this error, however, was not in this case prejudicial to the railroad company, and in cases like this the failure to require the plaintiff to elect will not be reversible error unless it appears that the substantial rights of the defendant were prejudiced by the ruling of the court, as an error in this respect is to be treated as are other errors made by the trial court. In the Strange case we pointed out the difference between the Federal Act and the common law and the reasons why it was prejudicial error in that case not to have sustained

a motion to elect, but the reasons that made it prejudicial not to sustain the motion in that case do not appear in this one, and so we may pass this assigned error.

It is further strongly contended that the evidence in behalf of the plaintiff was not sufficient to take the case to the jury under the common law rule, and that the motion by counsel for the railroad company to direct a verdict in its favor should have been sustained. We do not think so.

The petition charged four acts of negligence: That the men engaged in putting the running boards on the car were negligent in handling the plank that fell, and also negligent in failing to give warning to appellee that they were going to put a running plank on top of the car; that the company was negligent in failing to have a sufficient number of hands to handle the running board planks with reasonably safety, and also in the employment of incompetent and inexperienced men to do or help to do this work.

There was sufficient evidence to sustain each of these charges of negligence and to authorize an instruction submitting each of them to the jury, but the trial court, under a mistaken view that Herbold and his crew were fellow servants of appellee, not only refused to give any instructions upon the subjects of the negligence of these men in handling the running board plank and in failing to warn appellee that they were about to put the plank on the car, but instructed the jury that the men handling the running board plank and appellee were fellow servants and there could be no recovery if appellee was injured by reason of their negligence. Having this view the court submitted the case to the jury in two instructions treating of the subject of the insufficiency of the hands to properly handle the running board plank and their inexperience and incompetency.

The instructions given on these subjects, although criticised, fairly submitted the issues described in them to the jury, but on the whole case the instructions were entirely too favorable to the railroad company, because the men handling the running board plank were not fellow servants of appellee, and he was entitled to recover if his injury was due to the negligent manner in which they handled the running board plank or to their failure to give reasonable notice that they were about to put the

plank on the car. L. & N. R. R. Co. v. Brown, 127 Ky., 732; Louisville R. Co. v. Hibbitt, 139 Ky., 47. So that the railroad company has no ground upon which to rest a complaint that the jury was not properly instructed.

On the examination of appellee, in answer to the question, "Are you able to do anything with your hands?" he replied, "No, sir; I ain't able to do anything, to tell the truth. I have to work what little I can do to keep from sending my children to the Orphans' Home." To this answer there was an objection and an exception. A part of the answer was competent, but so much of it as related to his children was incompetent; but under the circumstances it cannot be said to have been so prejudicial as to amount to a reversible error, and the same may be said of the failure of the court to admonish the jury that evidence as to the industrious and sober habits of appellee was only admissible for the purpose of showing the loss he sustained by the injuries that disabled him from engaging in any wage-earning employment.

A few other minor criticisms are made touching the admission of evidence, but they are scarcely of sufficient importance to notice.

Complaint is also made that the verdict is excessive. But it is not. The evidence shows that the appellee, on account of the injuries, is practically a physical wreck and will so remain the balance of his days.

Upon the whole case we find no reason for disturbing the judgment, and it is affirmed.