## Cincinnati, New Orleans & Texas Pacific Railway Co. v. Goode.

(Decided February 23, 1915.)

### Appeal from Lincoln Circuit Court.

1. Master and Servant—Employers' Liability Act—Amendment of Petition.—When the cause of action arises under the Federal Statute but suit is brought under the State law, or by some person not authorized to maintain an action under the Federal Statute, defects in the original petition may be cured by an amendment that does not set up a new and distinct cause of action, filed after the expiration of two years from the accrual of the cause of action, as the amendment will relate back to the filing of the original petition.

2. Master and Servant—Employers' Liability Act—Contributory Negligence of Employe—Effect of.—Under the Federal act, if the plaintiff's negligence contributes with the defendant's negligence to the production of the injury, this does not defeat his cause of action but only lessens the amount of damage he may have. It is only when plaintiff's act is the sole cause of the injury and the defendant's act is no part of the cause that the defendant is free from liability under the act. No degree of negligence on the part of the plaintiff, however gross or proximate, can, as a matter of law, bar recovery if there was also concurring negligence on the part of the defendant.

3. Damages—Employers' Liability Act—Instructions—Measure of Damages.—Where the evidence shows that both the plaintiff and the defendant were guilty of concurring acts of negligence that produced the injury complained of, the court, on the subject of the plaintiff's negligence diminishing his amount of recovery, should tell the jury that if they believed from the evidence that the injuries received by the plaintiff were caused by the negligence of the defendant but were contributed to by the negligence of the plaintiff, then they will diminish the damages, if any awarded the plaintiff, in proportion to the amount of negligence attributable to the plaintiff, so that the plaintiff will not recover full damages but only a proportional part bearing the same relation to the full amount as the negligence attributable to the defendant bears to the entire negligence attributable to both.

K. S. ALCORN and JOHN GALVIN for appellant.

ROBERT HARDING, O'REAR & WILLIAMS, T. J. HILL, E. V. PURYEAR and JOHN W. RAWLINGS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This is the second appeal of this case by the railway company from a judgment against it.

The opinion of this court on the former appeal may be found in 153 Ky., 247. On that appeal the court, proceeding on the assumption that the action was brought under the State law, reversed the judgment on the ground that the appellee, Goode, was guilty of such contributory negligence as denied him a right of recovery. After this, and in response to a petition for a rehearing, the court said in 155 Ky., 153:

"Under the facts of this case as they were developed in the evidence, appellee was engaged in interstate commerce when he received the injury complained of. But the case, as made up in the lower court by the pleadings, evidence and instructions, was practiced under the rules of law prevailing in this State and not under the Federal Statute known as the Employers' Liability Act, and we do not see our way clear, in the condition of the record as it now stands, to define the rights of appellee or the liability of the appellants under the Federal Statute. But on the return of the case the court will permit the parties to tender and file such amended pleadings as they may desire, and will hear and adjudge the case under the Federal Statute. * * * So much of the opinion as directs that a peremptory instruction be given, had reference to a trial under the State law, and is withdrawn."

Upon the return of the case the plaintiff, Goode, filed an amended petition setting out more distinctly than he did in his petition, facts sufficient to bring his case within the scope of the Federal Act.

To this amended petition the Railway Company and the individual defendants, after moving to strike the amended petition from the record, filed an answer in which among other things they pleaded and relied upon the statute of limitation. This defense was interposed because the injury complained of occurred in March, 1910, more than two years before the filing of the amended petition in November, 1913, and the Employers' Liability Act provides that "No action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

The original action was brought within two years from the time of the injury complained of, and unless

the amended petition filed in November, 1913, set up some new and distinct cause of action, it should be treated as a part of the original petition and relate back to the date when it was filed. An inspection of these pleadings shows very clearly that the amended petition did not set up or attempt to set up any new cause of action, or any cause of action that was not relied on in the original petition. In fact, the original petition stated a good cause of action under the Federal statute; but both parties, after the filing of the petition, seemed to treat the case as falling under the State law, and it proceeded to judgment in that way.

The amended petition merely reiterates the averments of the original petition, setting out perhaps more fully than it did the facts showing that the cause of action arose under the Federal statute. This being so, the trial court did not err in ignoring the plea of limitation.

In Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S., 570, 57 L. Ed., 355, the Supreme Court had under consideration a question like the one here involved. In that case the suit was brought by Mrs. Wulf in January, 1909, in her individual capacity to recover damages for the death of her son which occurred in November, 1908. In this suit she set up a state of facts entitling her to recover under the laws of the State of Kansas. In January, 1911, the Railway Company filed an answer in which it averred that the suit was controlled by the Federal statute and not the State law. Thereafter, and in January, 1911, Mrs. Wulf, as administratrix of her son, filed an amended petition in which she averred that in January, 1911, she had been appointed administratrix, and further averred a state of facts entitling her to recover under the Federal statute. When this amended petition was filed, the Railway Company interposed the plea of the two year statute of limitation, insisting that the action was commenced only with the filing of the amended petition, which was more than two years after the cause of action accrued. But the court in rejecting this contention said:

"Nor do we think it was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by section six of the Employers' Liability Act. The change was in form rather than in substance. It introduced no new or different cause of action, nor did it set up any different

state of facts as the ground of action, and therefore it related back to the beginning of the suit."

Again in St. L., S. F. & T. Ry. Co. v. Seale, 229 U. S., 156, 57 L. Ed., 1129, the suit was brought by the widow and parents of an employe to recover damages for his death. The Railway Company, for defense, insisted that its liability, if any, arose under the Federal statute, and therefore the action could be brought only by the personal representative of the deceased. The Supreme Court sustained this contention, but in reversing the judgment said: "The judgment is accordingly reversed, and the case is remanded for further proceedings not inconsistent with this opinion, but without prejudice to such rights as a personal representative of the deceased may have;" thus indicating that on a return of the case an amended petition might be filed in the name of the personal representative and the action originally brought be prosecuted in his name, although it appears that more than two years had elapsed between the death of the employe and the decision of the court.

On the authority of these cases we think it is clear that, when the cause of action arises under the Federal statute but suit is brought under the State law, or by some person not authorized to maintain an action under the Federal statute, defects in the original petition may be cured by an amendment that does not set up a new and distinct cause of action filed after the expiration of two years from the accrual of the cause of action, as the amendment will relate back to the filing of the original petition.

Another ground of reversal relied on is that the motion for a peremptory instruction on the part of the Railway Company should have been sustained, on the ground that the evidence showed that the injuries complained of resulted entirely from the negligence of Goode and that the Railway Company was not guilty of any negligence.

The evidence is set out quite fully in the opinion in 153 Kentucky, but a brief statement of it here will assist to a better understanding of the question presented on this assignment of error. Goode was a brakeman on a passenger train of the Railway Company then being made up in the yards of the Company in Ludlow, Ky., to be taken to the station in Cincinnati, O., from which point it started on its interstate journey. The injury to

Goode occurred in the Ludlow yards, while he was engaged in "lining up" switches so that the passenger train might go from the yards to Cincinnati. After Goode had adjusted the switch so that the train might pass out from the track on which it was standing to a lead or main track, he gave McCarthy, the engineer on the passenger engine, the signal to come ahead. Parallel with and a few feet from the track on which this passenger train was standing there was another track on which there was standing an engine in charge of one Hollingsworth. The track on which this engine was standing as well as the track on which the passenger train was standing, entered the main or lead track at the same point, and if the passenger train or the single engine came too close to this lead track while either was passing out from the switch track on to it a collision, or rather what is called a "side swipe" collision, would occur.

When Goode, who was standing at the point where these switch tracks opened into the lead track, gave the signal to McCarthy on the passenger train to come ahead, he discovered, as he says, that the engine on the other track was also coming out, both engines being about the same distance from the lead track and both of them approaching it at about the same rate of speed. When Goode saw this situation and discovered the probability of a collision unless one of the engines stopped, he stepped on the track occupied by the single engine and signaled Hollingsworth, the engineer in charge of this engine, to stop, so that the passenger train might go out first, as it had the right of way.

It is conceded that if the collision was apprehended it was the duty of Goode to take prompt action to prevent it, and the evidence in behalf of Goode shows that when he saw the two engines coming he stepped on the track in front of the Hollingsworth's engine, waving his lantern to and fro for the purpose of arresting the attention of Hollingsworth so that he might stop his engine. It is further shown by this evidence that Hollingsworth did not stop his engine but continued approaching the point of the switch, so that there was imminent danger of a collision between this engine and the engine of the passenger train, which was also approaching the point of the switch, when they reached a place where the space between the two switch tracks was

not wide enough to allow the safe movement of both engines.

Goode further testifies that he continued his efforts to stop the Hollingsworth's engine until it came upon him, and then to avoid being struck by the engine he jumped off the track and was hit by the engine of the passenger train, receiving the injuries complained of. There is further evidence to show that it was the duty of Hollingsworth to permit the passenger train to move out before starting his engine, or, at any rate, before running it so close to the point of the switch that there might be a collision.

It will thus be seen that according to the evidence in behalf of Goode, Hollingsworth was guilty of negligence in approaching the switch at the same time that the passenger train was approaching it, and that Goode, in the discharge of his duty, was endeavoring to stop this engine so that a collision might be avoided.

On the other hand, the evidence in behalf of the railway company is that Hollingsworth did not receive any signals from Goode to stop his engine, but voluntarily stopped it at a place where there would be no danger of a collision between it and the passenger engine, and that he did this because he knew the passenger train was going out and had the right of way over him. It is further shown by the evidence of the Railway Company that Goode did not receive his injuries in the manner stated by him, but that he stepped on the pilot of McCarthy's engine for the purpose of riding, and in some manner unexplained by the evidence, slipped or fell from the pilot, receiving the injuries complained of. In short, according to the evidence of the Railway Company, there was no negligence on its part, and the injuries received by Goode were due to his voluntary act in getting on the pilot of the engine without being directed so to do or required by his duties so to do.

On substantially this state of facts it was said in the former opinion: "Furthermore, it must be remembered that even though Hollingsworth was negligent in failing to obey plaintiff's signals, plaintiff was not struck by Hollingsworth's engine. He was struck by McCarthy's engine, which he knew was coming. Even if it be conceded that it was proper for him to stand on the water track and wait until Hollingsworth's engine got so close to him that he had to jump, he was not justified in step-

ping against McCarthy's engine, which he knew was coming, when there were other positions which he could have occupied without danger to himself. * * * He was injured simply because he stepped against McCarthy's engine. Knowing that plaintiff had signaled for him to come on, and that plaintiff knew that he was coming, McCarthy had no right to anticipate that plaintiff would step against his engine. Plaintiff himself says that he stepped quickly from in front of Hollingsworth's engine and came in contact with McCarthy's engine. When plaintiff did come in contact with McCarthy's engine, no amount of care on the part of McCarthy could have saved him. McCarthy, therefore, was guilty of no negligence so far as plaintiff was concerned. While Hollingsworth, if he failed to obey plaintiff's signals, was negligent, his negligence was not the cause of plaintiff's injury. Had it not been for plaintiff's negligence in stepping against McCarthy's engine, which he saw and knew was coming, plaintiff would not have been injured. We, therefore, conclude that the trial court erred in refusing the peremptory asked for by the defendants.''

It will be observed that in this opinion the court concedes according to the evidence of Goode that Hollingsworth was guilty of negligence, but that Goode's negligence in stepping in front of or against McCarthy's engine and not the negligent act of Hollingsworth in failing to observe his signal to stop was the proximate cause of his injury. That this ruling was proper under the State law must be admitted, because under our practice the contributory negligence of Goode in getting in the way of McCarthy's engine was sufficient to defeat a recovery on his part. But when we come to apply the Federal statute to these facts, the negligence of Goode does not necessarily defeat a recovery if there was also negligence on the part of Hollingsworth.

The facts of this case present concurrent acts of negligence that produced the injury. One negligent act was committed by Goode in getting in the way of McCarthy's engine, which he knew was coming, because he had signaled it to come; and the other negligent act was committed by Hollingsworth in approaching the switch at a time when he should have stopped in a safe place to permit the passenger train to get out ahead of him. The negligence of Goode was a contributing but not the sole cause of the injury, because the injury would not have

happened except for the concurring negligence of Hollingsworth. And this being so, we think it was proper to submit the case to the jury under proper instructions.

In Grand Trunk W. R. Co. v. Lindsay, 233 U. S., 42, 58 Law Ed., 838, the Supreme Court of the United States quoted with approval the following: "Under the Employers' Liability Act plaintiff's negligence, contributing with defendant's negligence, to the production of the injury, does not defeat the cause of action, but only lessens the damage, and, if the cause of action is established by showing that the injury resulted 'in whole or in part' from defendant's negligence, the statute would be nullified by calling plaintiff's act the proximate cause and then defeating him, when he could not be defeated by calling his act contributory negligence. For his act was the same act, by whatever name it be called. It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the act."

In Pennsylvania Co. v. Cole, 214 Fed., 948, the United States Court of Appeals said: "Under this act, no degree of negligence on the part of the plaintiff, however gross or proximate, can, as a matter of law, bar recovery." Further illustrative cases on this subject are: Norfolk & W. Ry. Co. v. Earnest, 229 U. S., 114, 57 L. Ed., 1096; L. & N. R. Co. v. Heinig's Admx., 162 Ky., 14.

It is further urged as a ground for reversal that the court erred in instructing the jury on the subject of damages. The court on this subject told the jury in instruction number five that "although you may believe from the evidence that the plaintiff received the injuries of which he complains in the manner set out in instruction number one, yet if you further believe from the evidence that the plaintiff by his own negligence contributed to the negligence of the defendant in causing said injuries, and but for his negligence he would not have received said injuries, then and in that event you must reduce the amount of damages you find for him to the extent that you believe from the evidence his negligence, if any, contributed to said injuries."

And in instruction number six told them: "Or if you believe from the evidence that in jumping from the track and against McCarthy's engine plaintiff, Goode, did not act with that care which a person of ordinary experience would have exercised under similar circumstances,

then Goode was guilty of contributory neglect. And if you find that he was guilty of contributory neglect you will, in your verdict, state the amount of damages which plaintiff.has sustained, and will also state in your verdict how much should be deducted therefrom because of his contributory neglect.''

The leading case on the subject of instructions is Norfolk & Western Ry. Co. v. Earnest, 229 U. S., 114, 57 L. Ed., 196. In that case it appears that the trial court, on the point now under consideration, instructed the jury as follows:

''Contributory negligence is the negligent act of a plaintiff which, concurring and co-operating with the negligent act of a defendant, is the proximate cause of the injury. If you should find that the plaintiff was guilty of contributory negligence, the act of Congress under which this suit was brought provides that such contributory negligence is not to defeat a recovery altogether, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe. So, if you reach that point in your deliberations where you find it necessary to consider the defense of contributory negligence, the negligence of the plaintiff is not a bar to a recovery, but it goes by way of diminution of damages in proportion to his negligence, as compared with the negligence of the defendant.''

In discussing this instruction the court said: ''The thought which the instruction expressed and made plain was that, if the plaintiff had contributed to his injury by his own negligence, the diminution in the damages should be in proportion to the amount of his negligence. This was twice said, each time in terms readily understood. But for the use in the second instance of the additional words 'as compared with the negligence of the defendant' there would be no room for criticism. Those words were not happily chosen, for to have reflected what the statute contemplates they should have read, 'as compared with the combined negligence of himself and the defendant.' We say this because the statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employe' means, and can only mean, that, where the causal negligence is partly attributable to him and partly to the carrier, he shall not recover full damages but only a

proportional amount, bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both; the purpose being to abrogate the common-law rule completely exonerating the carrier from liability in such a case, and to substitute a new rule, confining the exoneration to a proportional part of the damages, corresponding to the amount of negligence attributable to the employe.''

In N. C. & St. L. R. R. Co. v. Banks, 156 Ky., 609; N. C. & St. L. R. R. Co. v. Henry, 158 Ky., 88; L. & N. Ry. Co. v. Heinig's Admx., 162 Ky., 14, we had under consideration the proper instruction in this class of cases, and in each of these cases we held that an instruction similar to the one given in this case did not conform to the rule announced by the Supreme Court in the Earnest case. We had doubt then, and it may well be doubted now, if the construction we placed on that opinion was correct; but we think it safer practice to now follow the views expressed in these opinions, and accordingly the judgment must be reversed for error in the instruction on the measure of damages. On a return of the case, in lieu of the instruction given, the court should tell the jury ''that if you believe from the evidence that the injuries received by the plaintiff were caused by the negligence of the defendant in the manner and under the circumstances described in instruction number one, but were contributed to by the negligence of the plaintiff, then you will diminish the damages, if any awarded him, in proportion to the amount of negligence attributable to the plaintiff, so that the plaintiff will not recover full damages but only a proportional part bearing the same relation to the full amount as the negligence attributable to the defendant bears to the entire negligence attributable to both.''

Wherefore, the judgment is reversed, with directions for a new trial in conformity with this opinion.