### LEHIGH VALLEY R. CO. v. NORMILE.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

#### No. 18.

1. COMMERCE ☜27(6)—"INTERSTATE COMMERCE"—RAILROADS.

A brakeman, employed by a railroad company engaged in interstate commerce, is himself engaged in interstate commerce, while working on a train carrying goods destined for points outside of the state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. APPEAL AND ERROR ☜1062(1)—SUBMISSION OF ISSUES TO JURY—IMPROPRIETY.

Where two issues of negligence were submitted to the jury, and the verdict was general, a new trial should be granted, if either was improperly submitted.

3. MASTER AND SERVANT ☜137(3)—INJURIES TO SERVANT—SIGNALS.

In an action by a railroad brakeman, who was thrown from a car on which he was standing to give signals during switch maneuvers, *held*, that the failure of the engineer to give notice of his intention to back the train was immaterial.

4. APPEAL AND ERROR ☜262(1)—REVIEW—EXCEPTIONS.

Where the defendant railroad company did not except to the improper submission of an issue of negligence, *held*, that it cannot take advantage of the matter on writ of error.

5. MASTER AND SERVANT ☜286(30)—INJURIES TO SERVANT—NEGLIGENCE—JURY QUESTION.

In an action by a railroad brakeman, who was thrown from a car on which he was standing to give signals for switching, evidence *held* sufficient to carry to the jury the question whether the engineer was negligent in backing the train with unnecessary violence, and to sustain a verdict against the company.

In Error to the District Court of the United States for the Northern District of New York.

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Frank L. Normile against the Lehigh Valley Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Cobb, Cobb, McAllister, Feinberg & Heath, of Ithaca, N. Y. (Riley H. Heath, of Ithaca, N. Y., of counsel), for plaintiff in error.

Dorr & Seubert, of Syracuse, N. Y., for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. [1] The defendant below, a railroad corporation, was engaged in interstate commerce. On the 28th of November, 1916, plaintiff below, an employé of the defendant below, was working as a brakeman upon a train of 30 cars in the east-bound yards of the defendant below at Sayre, Pa. This train carried commerce and was destined for a point outside of the state of Pennsylvania, and was therefore engaged in interstate commerce, as was the plaintiff below at the time of his injury. In its yard, the defendant below maintained sidings which diverged from the lead or leader track. They were numbered upon the drawing in evidence from 2 to 28, among which are sidings 16 and 18. Plaintiff below was directed to his work on this train at about 6 o'clock in the evening, and between that time and up to 7:30, the hour of his accident, helped in various movements in the making up of the train. When completed, the train consisted of an engine, 30 cars, and a caboose. As thus made up, the plaintiff below was a member of the crew which, it was intended, should move the train from siding 16 south to Coxton, Pa., and points outside the state.

At the time of the injury to the plaintiff below, the train was engaged in the doubling-over movement from siding 16 to siding 18. Plaintiff below took a position, for the purpose of signaling, on the second or third car from the rear end of the 30 cars, about 7 or 8 feet from the head end of his car, and from this position he was later thrown and sustained very serious injuries. From here the train started out of siding 16 onto the lead track at a speed of about 8 miles per hour, to a point about 128 feet beyond siding 16, and then came to a full stop, pursuant to signals transmitted from the conductor, who was stationed on the ground, to the plaintiff below, and in turn by him to the head brakeman, who was on the seventh or eighth car from the engine. The conductor immediately gave plaintiff below a slow back-up signal, which he transmitted to the head brakeman with his lantern, who passed it on to the engineer. This was responded to by backing up, which plaintiff below says he felt through a slight backward move of the car under him. The engineer then moved the train forward without any signal, and the car on which the plaintiff below was standing moved forward through a space of about 15 feet, then without signal the movement was reversed, the engine backed, forced the cars between the plaintiff below and the engine back against the car he was standing on, which, at the time, he says, was still in forward motion, with great force and violence, resulting in the plaintiff below being thrown forward through a space of 7 or 8 feet, and he fell between his car and the next one. Just

prior to this last movement,. which resulted in his fall, plaintiff below stood in a position braced with feet apart and toes pointed outward, which is described as the usual and customary position for trainmen to take on the top of moving cars under similar circumstances.

[2] The court below left two questions to the jury with reference to the liability of the defendant below: First, whether the engineer negligently failed to give a whistle signal before he began to back the train, as he was required either by a rule or by the practice of the company to do, for the purpose of giving notice of his intention; second, whether he negligently backed the train with such unnecessary violence as to cause the injury to the plaintiff below. No one can say whether the jury arrived at their verdict in favor of the plaintiff below on both these grounds, or one of them, or, if so, upon which. Therefore, if either was improperly submitted, there should be a new trial.

[3, 4] The plaintiff below testified that he knew the engineer, after going ahead to take up the slack between the cars, was going to back, and, of course, he was further advised of this fact by the bumping of each car between his and the engine until his own car was reached. Therefore the failure to give a signal to that effect was absolutely immaterial. If given, it would not have informed him of anything more than he already knew. If the engineer was negligent in this respect, his negligence did not contribute in any way to the accident, and the question should not have been submitted to the jury as a reason for holding the defendant below liable to the plaintiff below. But as this point was not presented to the court below, and no exception was taken to cover it, it is not helpful to defendant below here.

[5] The defendant below disputed the severity of the violence caused by the abrupt stopping of the car the plaintiff below stood on, and the reversing of its movement; but the evidence as to this raised a question for the jury as to whether or not there was an unusual and violent movement such that an ordinary prudent engineer would not have caused in the exercise of ordinary care and caution. Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 23 Sup. Ct. 622, 47 L. Ed. 905; Curran v. Lake Champlain Co., 211 N. Y. 60, 105 N. E. 105; Breed v. Lehigh Valley Co., 131 App. Div. 492, 115 N. Y. Supp. 1019.

We believe the court below correctly submitted the issue of fact to the jury as to whether or not the engineer negligently backed the train with such unnecessary violence as to cause the injury. Considering these facts, the length of the train, the position of the plaintiff below near the rear end thereof, and that the train was in forward movement when suddenly reversed, and a violent movement backward was indulged in, not in response to any signal from any member of the crew, but for reasons known only to the engineer, the jury could predicate negligence thereon.

The fact that there was a forward movement and then a sudden reverse, with growing momentum, produced by the force of each car (some 25 or more in number) striking the other, would cause the car on which the plaintiff below was standing to be bumped backward with a very unusual and dangerous blow.

The court properly submitted the question of contributory negligence to the jury, as it did also the question of assumption of risk. For all that appears, the jury may have charged the plaintiff below with some contributory negligence, for the verdict is a small one, $5,000 for the loss of his arm.

We find no error, to which exception has been taken, which warrants a reversal.

Judgment affirmed.