### NEW YORK, O. & W. R. CO. v. OLES.

(Circuit Court of Appeals, Second Circuit. December 17, 1923.)

No. 112.

**Master and servant �köé137(6), 240(6)—Brakeman held not entitled to warning of movement of engine pursuant to his own signal.**

> Where plaintiff, a brakeman, during a switching operation, opened the switch between two parallel tracks for the engine, signaled the engineer, and then walked between the tracks until the engine struck him, he was not entitled to warning, and was chargeable with contributory negligence, if the engine was backing up pursuant to his signal; and where the evidence was conflicting on that question, it was error to refuse an instruction that he could not recover if he gave such signal.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Ralph R. Oles against the New York, Ontario & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

Watts, Oakes & Bright and E. N. Oakes, all of Middletown, N. Y., for plaintiff in error.

Thomas Downs, of New York City, for defendant in error.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The defendant in error, while in the service of the plaintiff in error, was engaged in work in interstate commerce on October 6, 1922, as a brakeman on the north-bound freight train, consisting of four cars, an engine, and caboose. It stopped at Mountaindale, Sullivan county, N. Y., to permit the crew to pick up an empty box car and attach it to the train. At this point there were two parallel tracks, 8 feet apart, and extending north and south. Extending on the east and west sides of these two main tracks there was a siding and switches, and cross-overs permitting passage

---

from one track to another. At the time of the injury to the defendant in error, the day was clear. No other trains or engines were in sight or hearing. The locomotive was detached from the cars and run to a point north of the cross-over which connected the two main tracks. There was a switch on the north end of the cross-over, and the defendant in error threw this switch at the south end. He then proceeded over to a position between the two main tracks, and he walked south in a space between the two tracks, and when he had gone a short distance he says that there was a pile of rubbish or waste, and he stepped to the right of this toward the south-bound main track, and at that instant the corner of the tender of the locomotive, moving south on the south-bound main track, struck him in the back and knocked him down.

The tank of the engine was 25 or 30 feet away from the defendant in error, and he says that it was just moving slowly when he gave a stop signal. This was a command to the engineer to remain stationary. He said that, at the time he concluded throwing the switch, the engine was then standing still. The engineer and two brakemen testified that the defendant in error gave the engineer a signal to back the locomotive, and that, after giving the signal to the engineer to back, he turned and walked south in the space between the two main tracks. The issue was thus sharply drawn as to the kind of signal given. The jury returned a verdict for the defendant in error for $25,000.

At the trial, the plaintiff in error requested the court to charge as follows: "Plaintiff cannot recover if he gave the signal to back"—and an exception was taken to the refusal. Nowhere in the main charge was this instruction given. If the defendant in error gave the back-up signal, it is apparent that that act would preclude his recovery. It constituted a direction for the engineer to proceed. It would indicate that he had full knowledge of the movements of the locomotive, and, turning his back and walking, did not rely upon the locomotive remaining stationary. He knew that, if the locomotive proceeded, it would proceed past and beyond the point where he was struck. Therefore it was not necessary to warn him of the danger, of which he had full knowledge, if he gave the signal as claimed. We think the plaintiff in error was entitled to the charge as requested. Miller v. Canadian Northern Ry. Co. (C. C. A.) 281 Fed. 664; Lehigh Valley v. Normile, 254 Fed. 680, 166 C. C. A. 178. This error below requires the reversal of the judgment.

Judgment reversed.