M. P. HILLYER, as *Administrator of the Estate of Hannah E. Hillyer, deceased, et al.*, v. WILLARD R. DOUGLASS *et al.*

### No. 7721.

1. ACTION—*Changing Form—Ejectment—Limitation.* On March 11, 1884, D. commenced an action against H. to quiet his title as against a tax deed recorded March 6, 1880. On October 13, 1885, by agreement of the parties, the form of action was changed to ejectment, and amended pleadings were filed, and the proceedings thereafter were in ejectment. *Held*, That this did not operate as a dismissal of the suit to quiet title and the commencement of an action in ejectment, but the amended pleadings related back to the commencement of the original suit, which was brought within five years, and in proper time.

2. LIABILITIES OF DEFENDANT—*Death of Defendant—Judgment, not Sustained.* Where, pending an action involving the title to real estate and damages for use and occupation of the same, the principal defendant who claims the title dies, and the action is revived against the heirs, but not against the personal repre-

7—56 KAS.

sentative of the deceased, a judgment against such heirs for damages for use and occupation during the lifetime of the ancestor cannot be sustained.

*Error from Jefferson District Court.*

ACTION of ejectment by Willard R. Douglass and others against M. P. Hillyer, as administrator, and others. Plaintiffs had judgment, and defendants bring error. The opinion, filed November 9, 1895, states the facts.

*Keeler & Welch*, for plaintiffs in error.

*John C. Douglass*, for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J. : I. The respective parties claim title under tax deeds. The alleged title of the plaintiffs below, who are defendants in error, was based upon the same tax deed as that in the case of *Noble v. Douglass*, just decided ; and the plaintiffs in error, who were defendants below, relied upon a compromise tax deed, in all substantial respects the same as that set up by the plaintiffs in error in the former case, and the evidence was the same in each case, except that affecting the bar of the statute of limitations. The compromise tax deed was dated and recorded March 6, 1880. On March 11, 1884, the defendants in error commenced their action to quiet the title to the northeast ¼, section 9, township 10, range 17, alleging possession, and asking an accounting for the rents and profits from March, 1880, up to March 1, 1884. The defendants below answered that they were the owners of the land, and in possession. The plaintiffs, in their reply, denied such title and possession. Afterward, on October 13, 1885, by agreement of parties, it was ordered that amended pleadings be filed

*instanter*, making the action in the nature of ejectment for the recovery of said land, and that each party pay his and her own costs down to date. Amended pleadings were afterward filed, in which the plaintiffs below prayed judgment for the recovery of the possession of the premises, and $3,000 for use and occupation. It will be observed that the action to quiet title was commenced within the five years allowed by section 141 of the tax law; but it is contended by the plaintiffs in error that the proceedings on October 13, 1885, were in law the dismissal of the suit to quiet title and the commencement of an action in ejectment, and that the latter action came too late, being more than five years after the recording of the tax deed. An action can be dismissed, however, only by order of the court, (*Allen v. Dodson,* 39 Kan. 220, 225; *Boot and Shoe Co. v. Derse,* 41 id. 150, 151), while amended pleadings relate to the time of the commencement of the original suit. (*Ryan v. L. A. & N. W. Rly. Co.,* 21 Kan. 368, 405; *Brown v. Mining and Smelting Co.,* 32 id. 529.) Here, it is true, that the form of the action was changed by consent, but the main purpose of the litigation was to test the validity of the respective tax titles of the parties. They agreed upon the change of the form of the action, perhaps, in order to settle the title beyond controversy, unvexed by the question of present actual possession. Such being the case, we think the action should be deemed as commenced March 11, 1884, which was in time. The question of redemption, which was controlling in the former case, therefore, does not arise here; but, as it was adjudged in that case that the tax title of the plaintiffs below was valid, and that of the defendants below voidable, and the judgment was reversed only by reason of the admis-

sion of incompetent evidence as to the redemption, the judgment of the court below in this case as to the title must be held correct.

II. Judgment was rendered, however, in this case in favor of the plaintiffs below against all the defendants jointly for $150 damages for use and occupation from the time of the change of the form of action until the death of Hannah E. Hillyer, April 29, 1887. Her heirs were made parties. Of course they were not liable for damages for use and occupation during the life of their ancestor, and it does not appear that the action was revived against M. P. Hillyer, as administrator, although it was revived against the heirs of said Hannah E. Hillyer, including her husband. We therefore think that the judgment for damages cannot be sustained.

The judgment will be modified by striking out the allowance for damages. In all other respects it will be affirmed.

All the Justices concurring.