LINNIE M. CUNNINGHAM, *Appellee*, v. JOHN T. PATTERSON et al., Partners, etc., *Appellants*.

No. 18,656.

### SYLLABUS BY THE COURT.

PLEADINGS—*Death in Another State—Statute Not Pleaded— Amendment Allowed—No New Cause of Action*. A petition which alleges the death of the plaintiff's husband to have been caused in another state by the negligence of the defendant, but fails to add that a statute of that state authorizes a recovery under the facts pleaded, may be amended by setting out the existence of such a statute; even after the expiration of the time within which an action thereunder is allowed to be brought.

Appeal from Wyandotte district court, division No. 3. Opinion filed May 10, 1913. Affirmed.

*Gardiner Lathrop, O. W. Pratt*, both of Kansas City, Mo., and *C. Angevine*, of Kansas City, for the appellants.

*James F. Getty*, of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: On June 5, 1911, Linnie M. Cunningham brought an action in this state against the Patterson-Middleton Construction Company, a partnership, to

recover damages on account of the death of her hus-
band, alleged to have been occasioned in Missouri, on
May 2, 1911, by the negligence of the defendants. The
petition contained no allegation with respect to the
statutes of Missouri. A general demurrer thereto was
sustained on January 4, 1913, the plaintiff confessing
it and obtaining leave to amend. On January 6, 1913,
an amended petition was filed setting out in full the
statutes of Missouri which authorize a recovery under
the circumstances stated. An answer pleaded as a
separate defense an additional section of the Missouri
statute, requiring actions brought under it to be begun
within one year from the accrual of the right. A de-
murrer to this defense was overruled, and the defend-
ants appeal from this ruling.

The question presented is: Where an action is
brought in this state for damages on account of a
death occasioned in Missouri by the defendant's neg-
ligence, and the original petition omits all reference to
the Missouri statute, may the plaintiff, after the expira-
tion of the time within which such statute requires an
action thereon to be begun, ·amend by pleading the
statute, and recover upon the amended petition?

In this state an action is deemed not to be com-
menced, for the purpose of interrupting the running
of the statute of limitations, until a petition is filed
which states a cause of action. A petition which is sub-
ject to a general demurrer is regarded, in this respect,
as being no petition at all. (*Railway Co. v. Bagley,* 65
Kan. 188, 69 Pac. 189, 3 L. R. A., n. s., 259; *Powers v.
Lumber Co.,* 75 Kan. 687, 90 Pac. 254.) This rule is
rejected in some jurisdictions, including two in which
it had formerly prevailed. (*Ellison v. Georgia Rail-
road Co.,* 87 Ga. 691, 13 S. E. 809; *Bourdeaux v. Tucson
Gas etc. Co.,* 13 Ariz. 361, 114 Pac. 547, 33 L. R. A.,
n. s., 196.) It can not apply in the present case. The
original petition did state a cause of action. In the

courts of Kansas it is always presumed that the statute law of every other state is the same as that of this commonwealth, until the contrary has been pleaded and proved. (*K. P. Rly. Co. v. Cutter*, 16 Kan. 568; *Bershears v. Nelson*, 80 Kan. 194, 101 Pac. 1011.) In *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46, 26 Am. Rep. 742, a petition declaring upon a death caused in Missouri, without pleading the statute of that state, was held demurrable, notwithstanding this presumption, but the decision was specifically based upon the fact that the action was brought by an administrator, the court saying: "We can not presume that the laws of Missouri give an administrator of Kansas power to collect moneys under its laws, to administer trusts imposed by its authority, and to distribute funds among the proper parties to whom the same belongs by the statutes of that state." (p. 51.) Incidentally the court also stated that under the statute of Missouri no action was maintainable by the plaintiff. If in the present case the defendants had answered only by a general denial, and the plaintiff had proved the facts alleged in the petition, she would have been entitled to recover upon the presumption that the Missouri statute is the same as our own. Therefore her petition was not demurrable. The fact that the court sustained a demurrer to it, upon confession by the plaintiff, is not important. The confession was in effect no more than an admission that the petition needed to be amended. By confessing the demurrer she placed herself in the same position as if she had amended the petition after a demurrer to it had been sustained. The ruling could not be appealed from. (*Rosa v. M. K. & T. Rly. Co.*, 18 Kan. 124.) But it did not constitute a final adjudication, binding upon the court. (31 Cyc. 350.)

The original petition was of precisely the same legal effect as though it had professed to set out the Missouri statute in full, but in undertaking to quote its language

Cunningham v. Patterson.

had in fact quoted that of the Kansas statute. Such a petition would have stated a cause of action, but no recovery could have been had upon it, if its truth were sufficiently challenged, because the plaintiff would necessarily have failed in her proof. The question then resolves itself into this: Where a petition states a cause of action only in virtue of an incorrect statement of the contents of the statute of another state, may the plaintiff, after the expiration of the period within which actions based thereon are allowed to be begun, amend ·by substituting a correct statement thereof? It is the settled law of this jurisdiction that after the expiration of the limitation period the plaintiff may not effectively so amend a petition as to state a new cause of action. He may not, under such circumstances, convert an action based upon the common law into one based upon a statute. (*A. T. & S. F. Rld. Co. v. Schroeder,* 56 Kan. 731, 44 Pac. 1093.) Nor may he revive a barred claim for damages ·for a tort by incorporating it in a petition filed in due time, declaring upon another tort of the same character. (*Railroad Co. v. Sweet,* 78 Kan. 243, 96 Pac. 657.) It will not do, however, to say that after the time has expired within which an original action could be begun, he may not make a material change in his allegation of facts, for that is the only possible object of any amendment in the statement of a cause of action that is worth making at all. In the present case we do not think the amendment changed the identity of the cause of action. It merely substituted a correct for an erroneous statement of the facts relied upon for a recovery. Amendments have been upheld in this court, under similar circumstances, substituting a different plaintiff for one in whose name an action was brought through mistake (*Service v. Bank,* 62 Kan. 857, 62 Pac. 670) ; adding an allegation of the breach of an express warranty to a petition asking damages because an article purchased

proved unfit for the purpose for which it was intended (*Culp v. Steere,* 47 Kan. 746, 28 Pac. 987) ; charging the conversion of the proceeds of personal property instead of the conversion of the property itself (*Bank v. Lay-feth,* 63 Kan. 17, 64 Pac. 973) ; adding allegations of the appointment of an administrator in whose name an action had been revived (*Railroad Co. v. Menager,* 69 Kan. 687, 54 Pac. 1043) ; converting an action to quiet title into one of ejectment (*Hillyer v. Douglass,* 56 Kan. 97, 42 Pac. 329) ; and an action for the foreclosure of chattel mortgages into one of replevin (*Snider v. Windsor,* 77 Kan. 67, 93 Pac. 600) ; and specifying new grounds of negligence in a personal injury case (*Railway Co. v. Moffatt,* 60 Kan. 113, 55 Pac. 837, 72 Am. St. Rep. 343). Many decisions of a similar character are collected in notes to cases already cited. (3 L. R. A., n. s., 259, 275; 33 L. R. A., n. s., 196; see, also, Note, 30 L. R. A., n. s., 1096, 1099; and reference note, 112 Am. St. Rep. 213.)

In each of the following cases, in circumstances substantially the same as those here presented, an amendment to the petition, setting out the statute of another state, was allowed after the period of limitation had expired: *Louisville & N. R. R. Co. v. Pointer's Admr.,* 113 Ky. 952, 69 S. W. 1108, 24 Ky. Law. Rep. 772; *Texas & N. O. R. Co. v. Gross,* (Tex. Civ. App. 1910) 128 S. W. 1173; *Railroad v. Foster,* 78 Tenn. [10 B. J. Lea.] 351; *Viscount De Valle Da Costa v. Southern Pac. Co.,* 100 C. C. A. 313, 176 Fed. 843; and in *Lustig v. N. Y., L. E. & W. R. R. Co.,* (N. Y. Supr. Ct.) 65 Hun, 547, 20 N. Y. Supp. 477, 48 N. Y. St. Rep. 916, a similar amendment was held not to result in the statement of a new cause of action, but the statute of limitation was not expressly mentioned.

Upon similar facts such an amendment was rejected in *Wingert v. Circuit Judge,* 101 Mich. 395, 59 N. W. 662. There a verdict for the defendant was directed because the evidence showed the death of the plaintiff's

intestate to have been caused in Canadian territory, and leave to amend by setting out the Canadian law was refused. The original petition appears .to have been drawn upon the theory that the injury was received in domestic territory, but in any event the case is distinguishable on the ground that the courts of Michigan do not presume that the laws of that commonwealth have been adopted elsewhere. (*Gordon v. Ward,* 16 Mich. 360; 16 Cyc. 1085.)

We approve the ruling of the trial court for the reasons already indicated, and also upon broader grounds. The present case is peculiarly one in which the amendment should not be regarded as resulting in the statement of a new cause of action. A question as to what statutes have been adopted by another state is technically regarded as one of fact, requiring proof. But practically it approaches very close to one of law, being ordinarily decided by the judge and not by the jury. (*Hutchings v. Railway Co.,* 84 Kan. 479, 114 Pac. 1077, 41 L. R. A., n. s., 500; see, also, *Eberhart v. Rath,* ante, p. 329, 131 Pac. 604.) Judicial notice is taken of some of the provisions of the constitution of a sister state. (*Dodge v. Coffin,* 15 Kan. 277.) The existence and contents of the statute of another state are always capable of exact ascertainment and proof. With respect to a matter of this character the same definiteness of pleading ought not to be required as in the case of the disputable facts—the statement of the special circumstances upon which an action is founded. Anything should be regarded as sufficient which advises the defendant of the nature of the plaintiff's claim. The bringing of the action amounts to an allegation that the statute of the place of inquiry authorizes a recovery, since it asserts a liability which could not otherwise exist. Here the original petition contained an allusion to the Missouri statute, for it expressly alleged that the death took place within six months prior to the

commencement of the action, a statement having no possible relevancy under the Kansas act, but pertinent to that of Missouri, which limits to that period the widow's right to sue. The defendants were necessarily advised that the plaintiff sought a recovery under the laws of Missouri. They could not possibly have been misled by the failure to set out the statute. The amended petition did not state a new cause of action. It merely amplified and corrected the statement of facts constituting the only cause of action the plaintiff had or professed to have.

The judgment is affirmed.