HATTIE ROBINSON, *Appellee,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

No. 18,368.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Death of Husband—Nonresident at Time of Death—Action by Widow—Failure to Plead Foreign Statute.* In an action brought in time by a widow to recover damages for the negligent killing of her husband in the operation of a railway train the omission to allege in the petition that the deceased was a nonresident of Kansas but was a resident of another state and that by the laws of such other state the widow was the only person authorized to bring the action does not render such action a nullity.

2. ——— *Amended Petition—Statute of Limitations.*   Where in such case the plaintiff, more than two years after the death of her husband, on leave of court files an amended petition in the action and recites therein substantially the same facts as in her original petition and adds the omitted allegations with reference to the nonresidence of the deceased, the authority to bring the action under the laws of the other state, etc., her action is not barred by the two years statute of limitations relating to actions of this class.

Appeal from Phillips district court. Opinion filed July 5, 1913. Affirmed.

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for the appellant.

*W. A. Barron, N. B. McCormick, T. F. Countryman, E. E. Sprague,* all of Phillipsburg, *I. M. Mahin,* and *F. W. Mahin,* both of Smith Center, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was brought by appellee to recover damages against appellant for the killing of her husband at Phillipsburg, Kan., by the negligent operation of a train upon which the deceased was riding and in which he was shipping an emigrant car loaded with "emigrant freight," consisting of live stock, household goods, farm implements and such other goods as are usually shipped and transported in emigrant cars. It was alleged that the deceased loaded the car at Brush, Colo., to be transported to Apache, Okla., and his contract for the transportation thereof included his own transportation. In the original petition the plaintiff did not specifically allege that the deceased was a non-resident of Kansas. She alleged that her residence at the time of filing the petition and at all times referred to therein was at Brush, Colo., and that the deceased was her husband.

The appellant answered this petition but raised no question of appellee's right to maintain the action. The case was not brought to trial for more than two years after the death alleged, when the appellant withdrew its answer and filed a demurrer to the petition, raising the question of appellee's capacity to sue. This demurrer was sustained and, on leave of court, appellee filed an amended petition specifically alleging, with other necessary facts, that the deceased was at the time of his death a resident of Brush, Colo., and that by the laws of the state of Colorado the plaintiff, and not an adminis-

trator, was the only person authorized to bring the action.

The appellant thereupon filed a demurrer to the petition as amended, which demurrer was, upon hearing, overruled. From this order the appeal is taken. It is contended that no cause of action was stated in the original petition because the plaintiff therein did not sue as the personal representative of the deceased and it did not appear that she had the right to bring the action in her own name until the nonresidence of the deceased at the time of the accident, and the laws of the state of Colorado were pleaded in the amended petition.

This court has recently passed upon this question in *Eidson v. Railway Co.*, 85 Kan. 329, 116 Pac. 485, *Cunningham v. Patterson*, 89 Kan. 684, 132 Pac. 198, and *Mott, Adm'x, v. Long,* ante, p. 100, 132 Pac. 998, adversely to the contentions of the appellant.

The question has been differently decided in other states. In the Cunningham case, *supra,* the authorities on the question are collated, and we are satisfied with the conclusion reached therein and in the other cases cited.

The order overruling the demurrer is sustained.