No. 21,292.

FRANK BATTESE, as Administrator, etc., *Appellant*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

JURISDICTION—*Wrongful Death in Foreign State—Power of Kansas Administrator to Maintain Action for Damages.* An administrator appointed for the estate of a resident of Kansas by a Kansas probate court has no power to maintain an action in a Kansas court to enforce a liability created by the laws of another state for the wrongful death of the intestate, which occurred in such other state, following *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed February 9, 1918. Affirmed.

*Guy L. Hursh,* and *E. R. Sloan,* both of Holton, for the appellant.

*R. W. Blair, T. M. Lillard,* and *A. M. Hambleton,* all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action in a Kansas court to recover under a Nebraska statute for the wrongful death of Alex Thompson, which occurred in Nebraska.

Defendant's demurrer to plaintiff's petition was sustained by the trial court—

"On the ground that an administrator appointed for the estate of a resident of Kansas by a probate court of Kansas, has no power to maintain an action in the courts of Kansas to enforce a liability created by the laws of Nebraska for the death of the intestate."

Was this ruling correct? The trial court followed the early case of *McCarthy, Adm'r, v. Railroad Co.,* 18 Kan. 46, where an action by an administrator was sought to be maintained in this state for the wrongful death of Michael McCarthy, which occurred in the state of Missouri. This court held that even if the presumption were indulged that the law of Missouri allowing a recovery for death by wrongful act was the same as in Kansas, yet the action could not be maintained in Kansas by an administrator appointed by a Kansas probate court. That decision was made over forty years ago, and the legislature, which has had many opportunities to change the law as declared in the McCarthy case, has been content to let it stand. Only some extraordinary reason would warrant this court in unsettling this rule after all these years, even although the court might hesitate to adopt it now if the question were new. None of the cases cited by appellant, *Matheson v. Railroad Co.,* 61 Kan. 667, 60 Pac. 747; *Railroad Co. v. Johnson,* 74 Kan. 83, 86 Pac. 156; *Cunningham v. Patterson,* 89 Kan. 684, 132 Pac. 198; nor *Robinson v. Railway Co.,* 90 Kan. 426, 133 Pac. 537, touches the main point which controlled the McCarthy case, and which controls the one now before us. That in some other jurisdictions a different view has been adopted does not justify the abrogation of a rule of Kansas law which has stood unqualified for forty years.

The judgment is affirmed.