No. 22,613.

GEORGE E. RUSSELL, as Administrator of the Estate of MARTIN RUSSELL, Deceased, *Appellee,* v. THE KANSAS CITY RAILWAYS COMPANY, *Appellant,* et al.

### SYLLABUS BY THE COURT.

JURISDICTION—*Wrongful Death in Foreign State—Right of Action by Kansas Administrator.* A cause of action for death by wrongful act, accruing in another state by virtue of its laws, may not be enforced in this state by an administrator appointed in this state for the estate of the deceased, who was a resident of this state, following *Battese v. Railroad Co.*, 102 Kan. 468, 170 Pac. 811.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed April 10, 1920. Reversed.

*O. L. Miller, E. S. McAnany, M. L. Alden,* and *T. M. Van Cleave,* all of Kansas City, for the appellant.

*Charles A. Blair,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages resulting from death by wrongful act. A demurrer to the plaintiff's petition was overruled, and the defendant appeals.

The deceased left neither widow nor children, and the action was prosecuted by an administrator appointed by a probate court of this state. The cause of action arose in the state of Missouri, and the compensatory statute of that state was pleaded, which permits recovery for death by wrongful act by an executor or administrator when the deceased left neither widow nor children.

The demurrer should have been sustained, on the authority of *Battese v. Railroad Co.*, 102 Kan. 468, 170 Pac. 811, which follows the decision in *McCarthy, Adm'r, v. Railroad Co.*, 18 Kan. 46. Whatever might be said about it now, the legislature has suffered the doctrine of the McCarthy case to become *stare decisis*. It is contended, however, that the legislature has intervened, and has authorized actions of this character by an

act passed in 1905, which, as amended in 1909, reads as follows:

"Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be sued upon in any of the courts of this state, by the person or persons who are authorized to bring and maintain an action thereon in the state or territory where the same arose." (Civ. Code, § 47, Gen. Stat. 1915, § 6937.)

In the case of *Rochester v. Express Co.*, 87 Kan. 164, 123 Pac. 729, this section of the code was correctly interpreted as follows:

"The evident purpose of this statute, however, is to extend to litigants from another state the mere personal right to sue which is granted them by the sister state." (p. 173.)

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer.