Jones, J.
 

 Suit was brought in the Ohio court for personal injuries sustained in the state of Kentucky, resulting in the death of William E. Greene. Section 10770, General Code of Ohio, provides that when death is caused by wrongful act or neglect in
 
 *550
 
 another state, for which a right of action is given by a statute of that state, such right of action may be enforced in this state, but that the commencement of such action here must be within the time prescribed for the commencement of such action by the statute of the sister state.
 

 It has been held by repeated decisions of this court that the Ohio courts may not take judicial notice of the statutes of a foreign or sister state, but that the latter must be pleaded and proven if recovery is based thereon.
 
 Evans
 
 v.
 
 Reynolds,
 
 32 Ohio St., 163, and
 
 Williams
 
 v.
 
 Finlay,
 
 40 Ohio St., 343. Likewise, if the defendant relies upon the statute of limitations of a sister state, in order to defeat recovery such a statute must be pleaded and proven.
 
 Whelan’s Ex’r.
 
 v.
 
 Kinsley’s Adm’r.,
 
 26 Ohio St., 131. No right of action existed at common law for death by wrongful act. It appears from the record, however, that Kentucky has passed a statute more or less in conformity with Lord Campbell’s Act, giving a right of action where death has resulted from injury inflicted by negligence or wrongful act.
 

 In her original petition plaintiff. below failed to set forth any Kentucky statute giving her the right to maintain an action for wrongful death. No demurrer was filed to the petition, and the first time this point was raised by the defendant was after the verdict of the jury, when the railroad company under favor of Section 11601, General Code, asked the court to render judgment in its favor
 
 non obstante veredioto.
 
 At this stage of the case the plaintiff below asked the court to set aside the verdict and to grant her a new
 
 *551
 
 trial and leave to file an amendment to her petition, setting forth the Kentucky statute giving her the right to maintain the action. This leave was granted by the trial court, and the cause remains there for a new trial, unless this court concludes that the motion of the railroad company for judgment upon the pleadings should have been sustained.
 

 The question presented here for decision is whether, under the statutes of Ohio relating to amendments and procedure, the trial court erred in permitting the plaintiff below to amend her petition as stated, and, as a corollary thereto, whether, if the petition were amendable (since it is claimed that under the Kentucky statute of limitations the action must be begun within one year), such amendment could be made after the period of limitation for bringing the action under the Kentucky statute had expired. The answer to the second question rests upon the conclusion of this court whether the amendment to the original petition substituted a new, different, or independent cause of action, and was thus a departure from the action as first brought. For, if no new or distinct cause of action is set forth in the amendment, we think that by the overwhelming weight of authority an amendment to the action may be made after the period of limitation has run, provided the original action was commenced in due time. In such cases the amendment relates back to the commencement .of the action.
 

 “An amendment to a declaration, which sets up no new cause of action, and makes no new demand, relates back to the commencement of the action,
 
 *552
 
 and thgprunning of the statute against the claim so pleaffed is arrested at that point.” 17 Ruling Case Law, 815.
 

 In this state this principle has been announced in the following cases:
 
 B. & O. & C. R. R. Co.
 
 v.
 
 Gibson,
 
 41 Ohio St., 145, and
 
 Zieverink
 
 v.
 
 Kemper, Receiver,
 
 50 Ohio St., 208, 34 N. E., 250. In
 
 Texas & Pac. Ry. Co.
 
 v.
 
 Cox,
 
 145 U. S., 593, 12 S. Ct., 905,. 36 L. Ed., 829, the following proposition was stated in the syllabus:
 

 “The rule that an amended declaration which sets forth a new cause of action is subject to the operation of a limitation coming into force after the commencement of the action does not apply to an amendment which sets forth the same cause of action'as that set forth originally.”
 

 Tn the case of
 
 Seaboard Air Line Railway
 
 v.
 
 Renn,
 
 241 U. S., 290, 293, 36 S. Ct., 567, 568 (60 L. Ed., 1006), Mr. Justice Van Devanter, speaking for the court, said:
 

 “If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time.”
 

 iSince the right to maintain the action was given by the statute of Kentucky, we accord to the decisions of our sister state perhaps- more importance than to those of other jurisdictions, for the reason that the accident occurred in Kentucky and the right to maintain action therefor was granted by its local laws, and indubitably the Court of Appeals of Kentucky has repeatedly and consistently held that an amendment may be made to an original
 
 *553
 
 petition after the period of limitation hm passed, providing the amendment does not set a new and distinct cause of action.
 
 Cincinnati, N. O. & Tex. Pac. Ry. Co.
 
 v.
 
 Goode,
 
 163 Ky., 60, 173 S. W., 329;
 
 L. & N. Rd. Co.
 
 v.
 
 Greenwell’s Adm’r.,
 
 155 Ky., 799, 160 S. W., 479
 
 B. & O. Rd. Co.
 
 v.
 
 Smith,
 
 169 Ky., 593, 612, 184 S. W., 1108, L. R. A., 1918F, 1205.
 

 It is useless to pursue further our inquiry upon that feature of the case, for, after all, the decisive question in this case is whether the amendment to the petition setting forth the statute of Kentucky was a new and distinct cause of action, or was a substantial departure from the action as originally filed. It must be noted that at common law no right of action accrued to an administrator of a decedent in cases of wrongful death. Such a right is maintainable only under authority of a state statute. When the cause in the trial court reached the stage wherein the jury returned a verdict for damages, the railroad company undoubtedly could have insisted upon judgment in its favor for want of pleading and proof that such a statute existed in the state of Kentucky. The original petition was demurrable for that reason. However, it is now insisted by counsel for the railroad company that the substitution of the cause of action made by the amendment was one “from law to law,” and that therefore it was new and distinct from that set forth in the petition. They cite a number of decisions relating to the phase whether an amendment of the character in question would constitute a substantial and basic change of the cause of action, and whether isuch would be permissible,
 
 *554
 
 especially if the statute of limitation had run. In 17 Ruling Case Law, at page 817, we find the subject referred to as follows:
 

 “Although there is lack of uniformity in the decisions, yet it is held in several of the states that an action grounded upon a right given by statute and one resting upon a right at common law, where the basic transaction is the same, are yet different and distinct from each other, so that the change from one to the other brings in a new cause of action. Therefore, where this doctrine prevails, if a party commences an action and relies upon his common-law right, he cannot amend Ms common-law declaration by setting out a statute and relying upon that for his right to sue and for his recovery.”
 

 Counsel for the railroad company cite decisions from various states which tend to support the principle announced in the text, although many of the cases are based upon facts, different from the instant case. Many were decided on demurrers to pleadings; others presented the feature whether an action based upon a common-law liability may be amended by presenting a different case, viz., a liability arising under statute law. A case particularly relied upon by counsel for the railroad company, and which is claimed to be distingMshable by counsel for the admimstratrix, is
 
 Union Pacific Ry. Co.
 
 v. Wyler, 158 U. S., 285, 15 S. Ct., 877, 39 L. Ed., 983. This, together with the decisions of various other courts, is cited by counsel for plaintiff in error in support of their contention that this amendment is not permissible. The
 
 Wyler case, supra,
 
 decided that an amendment of a pleading in an action originally brought under the
 
 *555
 
 common law could not be made so as to change the nature of the claim and base it upon a state statute; that in such event the action is deemed commenced when the amendment was made, and not before. The distinguishing feature in the present case is this: In the
 
 Wyler case
 
 the original action was based upon the general law of master and servant, and was such as could be maintained under the common law. In the instant case no such common-law action existed or could exist without the grant of a state statute. In the
 
 Wyler case
 
 there was an inconsistency in pleading and a different liability arising from the facts presented in the original action from the liability arising in the amended pleading. Here there can be no inconsistency, for the obvious reason that no cause of action was disclosed or attempted to be pleaded in the instant case, except one that is. based upon a state statute. In the case above cited, Mr. Justice "White, in the course of his . opinion, at page 295 (15 S. Ct., 881), said:
 

 “As the first petition proceeded under the general law of master' and servant, and the second petition asserted a right to recover in derogation of that law, in consequence of the Kansas statute, it was a departure from law to law.”
 

 In
 
 M., K. & T. R. Co.
 
 v.
 
 Wulf,
 
 226 U. S., 570, 33 S. Ct., 135; 57 L. Ed., 355, Ann. Cas. 1914B, 134, Mr. Justice Pitney* commenting upon the
 
 Wyler case, supra,
 
 said at page 577 (33 S. Ct., 135), that the opinion in the latter case plainly disclosed that the amended petition was based upon a different state of facts and a different rule of law as the ground of action; that the original petition relied
 
 *556
 
 upon the common-law rule holding the master liable for employing and retaining an incompetent servant, making no reference whatever to negligence on the part of a fellow servant except by inference, whereas the amended petition relied upon the Kansas statute, making the master liable for the negligence of a fellow servant. It can readily be seen that in the
 
 Wyler case
 
 not only was a different state of facts presented by the amended petition, but an application of different rules of law, depending upon peculiar, known, and distinct liabilities, essentially different and inconsistent, would be necessary. Were this amendment attempted to be made in the courts of Kentucky, we think that doubtless the court of last resort in that state would permit the amendment under the broad power found in the Kentucky statute relating to amendments (Section 134, Civil Code), which is substantially .similar to that in Ohio.
 

 In
 
 B. & O. Rd. Co.
 
 v.
 
 Smith,
 
 169 Ky., 593, 184 S. W., 1108, L. R. A., 1918F, 1205, Judge Carroll, delivering the opinion of the Court of Appeals of that state, after citing a number of cases in support of the right to amend, said, at page 612 (184 S. W., 1115):
 

 “On the authority of these cases we think it is clear that, when the cause of action arises under the federal statute but suit is brought under the state law, or by some person not authorized to maintain an action under the federal statute, defects in the original petition may be cured by an amendment that does not set up a new and distinct cause of action, filed after the expiration of two years from the accrual of the cause of action, as the
 
 *557
 
 amendment will relate back to the filing of the original petition.”
 

 In other states we find authority for sustaining the right of amendment in eases similar to this, especially where there exists a broad and comprehensive power to amend .pleadings, such as we have in Ohio. Those cases hold that an amendment setting forth a similar statute of a sister state is permissible, and not to be condemned as a departure from the original pleading.
 
 Lustig, Admx.,
 
 v.
 
 N. Y., L. E. & W. Rd. Co.,
 
 65 Hun, 547, 20 N. Y. S., 477;
 
 Nash., C. & St. L. Ry. Co.
 
 v.
 
 Foster, Admr.,
 
 78 Tenn., 351. In the New York case it appears that Lustig was killed in New Jersey, and suit brought in the state of New York. After both sides had rested, the defendant moved to dismiss the case on the ground that death took place in New Jersey, and that there was no allegation in the complaint, nor proof on the trial, of any statute in that state authorizing recovery of damages; ánd that, as no recovery existed at common law, no cause of action had been made out. At that stage the court reopened the case and allowed the plaintiff to amend the complaint, supplying the defects. The provisions of Section 723 of the New York Code, pertaining to amendment of pleadings, are substantially similar to those in the Ohio Code upon that subject. The New York Court of Appeals held that no substantial right of the defendant was affected by the amendment, and that the amendment did not introduce a new cause of action. In' its syllabus the court says:
 

 “That, in any event, such an action was purely statutory, and it was incorrect to say that the effect
 
 *558
 
 of the amendment was to change a common-law action into one based upon a statute.”
 

 A similar principle was announced in the
 
 Foster case, supra,
 
 reported by the Supreme Court of Tennessee. Suit was brought in the Tennessee court, and a new trial granted, for the reason that it developed on the trial that the killing took place in the state of Alabama. An amended declaration was then filed, setting out the Alabama statute. The defendant railroad thereupon pleaded the statute of limitations of one year. The Tennessee court held that the amendment neither changed the cause of action nor the parties to the suit, and did not deprive the defendant of any defense which it had to the original suit, “that the amendment related to the issuance of the original summons, which was issued within one year after killing.”
 

 Counsel for the railroad company have cited numerous cases which are not apposite, but are entirely dissimilar to the case here. In support of their contention they have probably cited more oases from the state of Kansas than any other. The more recent case from Kansas which is germane is
 
 Cunningham
 
 v.
 
 Patterson,
 
 89 Kan., 684, 132 P., 198, 48 L. R. A. (N. S.), 506, decided in 1913. This was a personal injury case brought in the courts of Kansas. The petition alleged that death had been occasioned in the state of Missouri on May 2, 1911, by the negligence of the defendant, and contained no allegation with respect to the statutes of Missouri. A general demurrer having been sustained to the petition, leave was given to plaintiff to amend, on January 6, 1913, and the
 
 *559
 
 amended petition set ont in full the statutes of Missouri which authorized recovery. ’ Thereupon the defendants answered, pleading an additional section of the Missouri statute requiring such an action to be brought within one year from the accrual of the right. The judge of the Kansas court delivering the opinion said, at page 685 (132 P., 198):
 

 “The question presented is: Where an action is brought in this state for damages on account of a death occasioned in Missouri by the defendant’s negligence, and the original petition omits all reference bo the Missouri statute, may the plaintiff, after the expiration of the time within which such statute requires an action thereon to be begun, amend by pleading the statute, and recover upon the amended petition?”
 

 The Kansas Supreme Court answers this question in the affirmative, as shown by the following syllabus:
 

 “A petition which alleges the death of the plaintiff’s husband to have been caused in another state by the negligence of the defendant, but fails to add that a statute of that state authorizes a recovery under the facts pleaded, may be amended by setting out the existence of such a statute, even after the expiration of the time within which an action thereunder is allowed to be brought. ’ ’
 

 The principle announced in the
 
 Cunningham case
 
 was later adhered to in
 
 Robinson
 
 v.
 
 C., R. I. & P. Ry. Co.,
 
 90 Kan., 426, 133 P., 537.
 

 We have stated that we attach great importance to the decisions of the Court of Appeals of Kentucky upon this subject, and undoubtedly in Kentucky that court would not regard such amendment
 
 *560
 
 to the petition as a change or substitution of the cause of action. This is shown by the reported case of
 
 Louisville & N. R. R. Co.
 
 v.
 
 Pointer’s Admr.,
 
 113 Ky., 952, 69 S. W., 1108. This also was a personal injury case, resulting in the death of plaintiff’s intestate in Virginia. The action was brought in the Kentucky courts to recover damages for his death. The decedent was killed March 17, 1899, in Lee county, Va. Suit was instituted in the circuit court of Kentucky on March 8, 1900. Later, and after a year from the death of appellee’s intestate, the appellee tendered a pleading which for the first time charged that there was a statute in Virginia allowing recovery for the death of one produced by the negligence of another. The amended petition set out the statute of Virginia
 
 in haec verla.
 
 The trial court permitted the amendment to be filed over the objection' of the appellant, whose demurrer thereto was overruled. A demurrer was also sustained to the appellant’s plea of a one-year limitation, interposed in avoidance. In that case counsel for appellant argued, as do counsel for plaintiff in error in this case, as follows:
 

 “The plaintiff’s original petition showed that the death of plaintiff’s intestate occurred in Virginia, but it contained no reference whatever, to any law of that state which gives a right of action for damages for,the death of a person by reason of a negligent or wrongful act of another. As thus framed, the petition stated no cause of action, because, at common law, no such right of action exists, and, in the absence of an allegation to the contrary, the presumption was that the common law obtained in Virginia. * * * • But even, if, under
 
 *561
 
 the liberal provisions of the Code of Practice, it was subject to amendment because of that omission, the amendment which was offered presented no right of action which then existed in favor of plaintiff, under the ‘Virginia, statute, because the statute which created the right, also limited the time for instituting the action, and that time had expired when the amendment was offered.”
 

 Judge 0 ’Rear, of the Kentucky Court of Appeals, affirming the circuit court (113 Ky., 958, 69 S. W., 1109), stated that the facts presented raised but one question:
 

 “Was the amendment germane to the original cause of action sued on — therefore relating back to the time of the filing of the original petition, so as to save the running of the statute?”
 

 The holding of the Kentucky • Court of Appeals is shown in the following propositions of the syllabus :
 

 “The petition in an action against a railroad company alleged the death of plaintiff’s intestate in Virginia in an accident caused by the locomotive on which he was fireman running into 'an obstruction on the track. Plaintiff afterwards tendered an amendment setting out Code Va., Sections 2548, 2557, 2902-2904, allowing a recovery by the personal representative of one whose wrongful injuries resulted in death, and providing for the apportionment of any damages so recovered.
 
 Held,
 
 that the amendment was germane, since it supplied the lacking element of the cause of action, otherwise sufficiently pleaded in the petition.
 

 “The amendment was not tendered until more than a year after the accident.
 
 Held,
 
 that, since
 
 *562
 
 the amendment was germane, the action was commenced at the time of the filing of the petition and service of summons, and was within the statute of limitation.”
 

 Substantially the same principle was announced in the case of
 
 Texas & N. O. Rd. Co.
 
 v.
 
 Gross,
 
 60 Tex. Civ. App., 621, 128 S. W., 1173.
 

 The Ohio statute pertaining to the amendment of pleadings (Section 11363, General Code) provides :
 

 “Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting’ a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved.”
 

 Probably in no state in the Union is there a more liberal or comprehensive grant of power given to the courts to permit amendments “in furtherance of justice” than in the section quoted. In
 
 Spice
 
 v.
 
 Steinruck,
 
 14 Ohio St., 213, this court held that the restriction upon amendments in that section of the Code that a proposed amendment “must not change substantially the claim or defense” does not refer to the form of, the remedy, “but to the general identity of the transaction forming the cause of complaint.”
 

 In the instant case the general identity of the transaction is the same. The proof that will be adduced at the next trial relating to the circumstances causing the accident will be substantially
 
 *563
 
 similar to that offered in the first trial. It will be the same accident, the same death, the same parties prosecuting the case. The only defect in the pleading was a want of allegation and proof that a statute in Kentucky existed, permitting the maintenance of the action, but in our opinion no new or independent cause of action was substituted by the amendment, and there was no departure from the original pleading. If it be conceded that in actions for wrongful death the statutory limitation for bringing them is a part of the cause of action, it may be said that this action wras brought within the statutory time, and the only purpose of the amendment was an amplification of the petition by showing the existence of another fact, viz., that the state of Kentucky, where the accident occurred, had passed a statute permitting recovery of damages for wrongful death, thereby authorizing the Ohio court to enforce such “right of action” in this state under the provisions of Section 10770, General Code.
 

 In addition to the Ohio statute relating to amendments, we have other procedural sections of the Code which safeguard the rights of parties plaintiff •and defendant by procuring for each a trial upon the merits of the action. Section 11233, General Code, provides that a plaintiff may begin a new action within one year, if he “fails otherwise than upon the merits, and the' time limited for the commencement of such action at the date of * *
 
 *
 
 failure has expired.” The Ohio Code contains a number of divisions, one of which is denominated “Part Third.” Part third pertains to remedies and procedure in the courts of this state and includes Section 11363, General Code, aforesaid, giv
 
 *564
 
 ing the right of amendment before or after judgment, in the interest of justice. Section 10214, General O'ode, provides:
 

 “The provisions of part third and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice.”
 

 We are therefore constrained to the conclusion that the amendment permitted to be filed was not a new, independent, or distinct cause of action from that set forth in the original petition; that the missing fact required to be pleaded and proven, notably the Lord Campbell Act of Kentucky, was merely a defect in pleading, which made the latter, subject to demurrer unless amended; that plaintiff having properly commenced her action against the defendant below, the amendment could be made after the period of limitation had expired, and would relate back to the commencement of the action; and that, under the broad and liberal power given by the Ohio statute, such amendment could in no wise substantially prejudice the defendant below.
 

 The judgment of the lower courts will be affirmed.
 

 Judgment affirmed.
 

 Matthias, Lat, Aelen, Kinkade and Robinson, JJ., concur.