## The Coca-Cola Bottling Works Co. *v.* Meyer, Admx.

*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for plaintiff in error.

*Messrs. Kunkel & Kunkel,* for defendant in error.

HAMILTON, P. J. This action was brought by Maggie Meyer, administratrix of the estate of William Meyer, deceased, to recover damages for the wrongful death of William Meyer.

The trial resulted in a verdict and judgment for the administratrix against the defendant below, the Coca-Cola Bottling Works Company, in the sum of $10,000. Error is prosecuted here by the Coca-Cola Company, seeking a reversal of that judgment.

The record discloses that in July, 1926, a Coca-Cola Company truck, driven by a servant of the company, had, under orders, delivered a consignment of goods to a party operating a carnival in Hartwell, Ohio. After making delivery, the servant started to return to the city, when the deceased suggested he would ride into the city on the truck. The truck was equipped with a cab over the driver's seat. The decedent got onto the running board of the truck. It was raining at the time, and the driver of the truck asked the deceased to get into the cab out of the rain, and moved over to make room for him. The deceased declined at the time, saying that he had on a coat, and did not mind the rain. Whether or not

Meyer, the deceased, later got into the cab is not clearly disclosed by the evidence. The truck, driven by the servant of the Coca-Cola Company, was coming down Reading road. The street is of wood block, and was wet and slippery. It approached the intersection of Reading road and Clinton Springs avenue, at which intersection there is a street car turn. A car was turning into Clinton Springs avenue as the Coca-Cola truck approached the intersection, and the rear end of the street car was struck by the right front wheel of the truck, throwing Meyer, the deceased, against the car, causing his death.

The original petition in the case declared on an action for ordinary negligence, seeking to hold the Coca-Cola Company and the Cincinnati Street Railway Company jointly. The petition charged that the truck of the Coca-Cola Company was being driven at a high and excessive rate of speed; that the driver of said truck did not have the same under proper control; that the truck was being driven in a reckless, negligent manner, with the result that it collided with the street car; and that the street car was being operated in a careless and negligent manner.

At the close of plaintiff's evidence, by leave of court, an amended petition was filed, charging a willful tort as against the Coca-Cola Company. This amendment was permitted over the objection of the Coca-Cola Company, and this is one of the grounds of error urged as a cause for reversal.

We have examined this question, and are of the opinion that under Sections 11363 and 10214, General Code, there was authority for the filing of the amended petition. While counsel for plaintiff in

error argue that the amended petition in effect changes the cause of action, we do not take this view. The extent to which the courts have gone in construing these sections in the interest of justice is shown by the decision of the Supreme Court of Ohio in the case of *L. & N. Rd. Co.* v. *Greene, Admx.,* 113 Ohio St., 546, 149 N. E., 876. The charge of willful tort in the amended petition but adds a material fact as a basis for recovery. It was not error for the court to permit the filing of the amended petition. Indeed, at the close of all the evidence, the court might have permitted an amendment to the petition to conform to the proof.

The Cincinnati Street Railway Company was dismissed by the court, by consent of the plaintiff, for the reason that there was no evidence of negligence on the part of the railway company, and the case was submitted to the jury on the sole question of wanton negligence on the part of the driver of the truck, the servant of the Coca-Cola Bottling Works Company.

It is a fact, and was so conceded to be, that the decedent was a trespasser on the autotruck. The case was, therefore, controlled by the law pronounced in *Higbee Co.* v. *Jackson,* 101 Ohio St., 75, 128 N. E., 61, 14 A. L. R., 131. The second paragraph of the syllabus in that case is as follows:

"Where one is a trespasser on an autotruck, which has been committed to an employee by the owner for operation in the owner's business, and the trespasser is injured by the wanton and willful conduct of the employee while in the course and within the scope of his employment and while aware of a perilous position of the trespasser, the owner is responsible."

It is claimed that there was no evidence of wanton or willful negligence on the part of the servant of the Coca-Cola Company. We presume that this is intended to raise the question of the weight of the evidence. It is argued that no legal liability on the part of the Coca-Cola Company is shown in this case. To so hold would clearly contravene the ruling in the case of *Higbee Co. v. Jackson, supra.*

So that we pass to the question of whether or not there is any evidence of willful or wanton tort. There is evidence tending to show that Meyer was on the running board with full knowledge on the part of the driver, the servant of the Coca-Cola Company, who, in driving the truck, was within the scope of his employment. There was evidence tending to show that he was asked to get into the cab by the driver, but declined; and there was evidence tending to show that, so far as the driver knew, Meyer did not get into the cab. The inference may have been properly drawn by the jury that the driver of the truck must have known that Meyer was on the running board. There is evidence tending to show that the driver of the truck was operating it at a high and excessive rate of speed, estimated from 25 to 35 miles per hour; that the pavement was of wood block, and that it was wet and slippery; that the street approaching the intersection where the accident occurred was down grade; that the driver knew the intersection was a busy intersection; that cars turned there; that he saw a street car, while some distance away, in a position to make the turn; that the street car was making the turn and was struck at its rear right-hand corner by the right front wheel of the truck, which caused the tire on the wheel to explode; and,

as heretofore stated, threw Meyer against the car, causing the injuries which resulted in his death.

In the case of *Higbee Co.* v. *Jackson, supra,* the third paragraph of the syllabus reads:

"To constitute wanton negligence, it is not necessary that there should be ill will toward the person injured, but an entire absence of care for the safety of others, which exhibits indifference to consequences, establishes legal wantonness."

We are of the opinion that the jury might well have found that, under the facts as above stated, the driver showed an entire absence of care for the safety of Meyer, and exhibited an indifference to the consequences of his recklessness. The jury was justified in finding there was legal wantonness established, and that the Coca-Cola Company was liable therefor; it being conceded that the servant, while operating the truck, was acting within the scope of his employment.

Complaint is made that the court erred in refusing to permit the defendant Coca-Cola Company to introduce in evidence certain depositions taken prior to the trial. The record discloses that the plaintiff below took the deposition of the driver of the truck, who was in another state at the time. However, he was present at the trial, and was a witness for the defense. Upon cross-examination of this witness, for the purpose of impeachment apparently, counsel for plaintiff below made reference to certain questions and answers asked and given, and contained in the deposition. This was permissible within the discretion of the trial court. On re-direct examination, counsel for the Coca-Cola Company, on the theory that the questions and answers, as referred

to by counsel for plaintiff below, should be more fully explained, offered the deposition, which the court refused to admit, and we think properly so. We have read the questions and answers referred to by counsel in the deposition for the purpose of impeachment, and are unable to see why counsel for the Coca-Cola Company should feel prejudiced thereby. The questions and answers brought out by counsel for plaintiff below from the deposition, for impeachment purposes, were clearly favorable to the defendant, as they had a tendency to show that the witness had stated that Meyer, the deceased, had gotten into the cab, and was not in a place of known danger.

The next point of error, and the only remaining question of importance, is the objection to the general charge of the court on the question of willful injury. This part of the charge is embraced in the following paragraph:

"Where, as in this case, the decedent was a trespasser, as we call it in law, the decedent got upon this automobile truck under those circumstances, then the administratrix of the decedent can only recover in this action on behalf of the beneficiaries in the event that he was injured and killed by the wanton and willful conduct of the employee while in the course of, and within the scope of, his employment, and while aware of the perilous position of the trespasser. Only under those circumstances can you find a verdict for the plaintiff in this case. In other words, the defendant is liable in this case only for what is called a willful injury. To constitute willful injury, the act must have been intentional, or the act of omission which produced the injury

must have been committed under such circumstances as evinced a reckless disregard for the safety of the decedent, and others, as by a failure, after discovering the danger in which the decedent was placed, if you should find such to be the fact, to exercise ordinary care to prevent the impending injury."

The vice claimed in the charge is in the use of the words, "as by a failure, after discovering the danger in which the decedent was placed, if you find such to be the fact, to exercise ordinary care to prevent the impending injury." We are of the opinion that employment of the words, "to exercise ordinary care to prevent the impending injury," was an unfortunate phrasing to express the law applicable. The court was probably led into the use of this phrase by the decision in the case *Hannan, Admx.,* v. *Ehrlich,* 102 Ohio St., 176, 131 N. E., 504, where the court used this language in the fourth paragraph of the syllabus:

"A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or wilfully injuring him and to exercise ordinary care after discovering him to be in peril * * *."

Why the court should use the term "exercise ordinary care" in a wanton, willful tort, we do not understand. If it is simply an attempt to give a line of demarkation between the duty owing to a licensee and that owing to a trespasser, it is such a line as would appeal to the imagination only. Willfulness and wantonness are necessary elements in either case. It would enlighten the jury to about the same degree as would an attempt to define a line of demarkation between negligence, ordinary negligence

and gross negligence. We are unable to see where willfulness or wantonness involves any question of the exercise of ordinary care. The phrases appear to be inconsistent, but, since the use of the phrase complained of was approved in a case of injury to a licensee, we see no reason for holding its use reversible error in a case of injury to a trespasser.

The court charged the jury clearly on the question of liability for the wanton or willful injury in other parts of the paragraph in which the language is used. The court stated the rule in this strong language:

"Where, as in this case, the decedent was a trespasser, as we call it in law, the decedent got upon this automobile truck under those circumstances, then the administratrix of the decedent can only recover in this action on behalf of the beneficiaries in the event that he was injured and killed by the wanton and willful conduct of the employer while in the course of, and within the scope of, his employment, and while aware of the perilous position of the trespasser. Only under those circumstances can you find a verdict for the plaintiff in this case."

This language seems to us to so clearly limit the circumstances under which the plaintiff might recover that we do not believe the use of the words claimed to be erroneous was prejudicial. We do not believe that the jury was misled thereby.

Finding no error in the record prejudicial to the plaintiff in error, the judgment will be affirmed.

*Judgment affirmed.*

Mills and Cushing, JJ., concur.