322 F.2d 589
 BOEING AIRPLANE COMPANY, Appellant,
v.
Arthur E. PERRY, as special Administrator of the Estate of James W. Sullivan, deceased, and Colene Sullivan, as widow of James W. Sullivan, deceased, and Cynthia Lynn Sullivan, a minor, by and through Colene Sullivan, her mother as natural guardian and next friend, Appellees.
 No. 7169.
 United States Court of Appeals Tenth Circuit.
 September 16, 1963.
 
 Malcolm Miller, Wichita, Kan. (George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, and Robert L. Howard, Wichita, Kan., with him on brief), for appellant.
 Lee E. Weeks, Kansas City, Kan. (J. E. Schroeder, Leonard O. Thomas, J. D. Lysaught, Richard Millsap, Robert H. Bingham, Ervin G. Johnston, Donald E. Stephenson, Miles D. Mustain, George Maier, Jr., Patric D. Little, Kansas City, Kan., Paul V. Smith, Douglas E. Shay, William C. Farmer, Leo R. Wetta, James R. Schaefer, and A. J. Focht, Wichita, Kan., with him on brief), for appellees.
 Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.
 MURRAH, Chief Judge.
 
 
 1
 This is an interlocutory appeal, under 28 U.S.C. § 1292, from an Order denying Boeing Airplane Company's motion for summary judgment in a wrongful death action, based on the contention that the Administrator-plaintiff is no longer the real party in interest, under F.R.Civ.P. Rule 17(a).
 
 
 2
 The contention is founded on these facts. A Nebraska Administrator brought this diversity suit in the Kansas District Court for the wrongful death of his decedent in Nebraska. When the suit was commenced, the widow and minor child, for whose benefit it was brought, were receiving and continue to receive payments under the Federal Employees' Compensation Act, 5 U.S.C. § 751, 39 Stat. 742. After commencement of the suit, the United States Employees' Compensation Commission exacted an "agreement" from the widow, pursuant to § 26 of the Act. This section provides in material part that "* * * [i]f an injury or death for which compensation is payable * * * is caused under circumstances creating a legal liability upon some person other than the United States to pay damages therefor, the commission may require the beneficiary to assign to the United States any right of action which he may have to enforce such liability * * *, or the commission may require said beneficiary to prosecute said action in his own name * * *." The agreement recited the substance of the statute, and then provided that, in consideration of the payments made under the Federal Employees' Compensation Act on account of the death of James Warner Sullivan in Nebraska, while employed as a Captain, USAF Reserve, the widow assigned, transferred, and set over to the United States all of her "right, title and interest in and to her claim for damages against Boeing Airplane Company * * * together with all rights of action thereunder." After the execution of this agreement, Boeing moved for summary judgment, contending in the trial court, as it does here, that the assignment by the widow on behalf of herself and her minor child, pursuant to the statute, precluded the Administrator from maintaining this action as the real party in interest.
 
 
 3
 Every civil action in the federal courts must, of course, be prosecuted in the name of the real party in interest. And, the "real party in interest" is the one who, under applicable substantive law, has the legal right to bring the suit. See: Hoeppner Construction Company v. United States, 10 Cir., 287 F.2d 108. Accordingly, an Administrator may bring the suit in his own name without joining the parties for whose benefit it is brought, if by the law of the forum he may do so. See: F.R.Civ.P., Rule 17(a); third sentence, Rule 17(b); Federal Practice And Procedure, Barron & Holtzoff, Ch. 8, § 486; and Moore's Federal Practice, Vol. 3, § 17.18.
 
 
 4
 Kansas, the forum of this action, authorizes the Nebraska Administrator to bring this wrongful death action, if the Administrator could have maintained it under the law of Nebraska. See: Kansas G.S., 60-423; Russell v. Kansas Railway Co., 106 Kan. 609, 189 P. 367; and Williams v. Missouri Bridge And Iron Co., 111 Kan. 34, 206 P. 327. And see generally, Annot., 52 A.L.R.2d 1016. Under the law of Nebraska, where this right of action was created and arose, only the Administrator has the legal right to bring the action, "* * * for the exclusive benefit of the widow * * * and next of kin." Sec. 30-810, R.S. Nebraska, 1956. See: Russell v. New Amsterdam Casualty Company, 8 Cir., 303 F.2d 674, citing Swift v. Sarpy County, 102 Neb. 378, 167 N.W. 458; Luckey v. Union Pac. R. Co., 117 Neb. 85, 219 N.W. 802; and Goeres v. Goeres, 124 Neb. 720, 248 N. W. 75. In this diversity suit to enforce a state created right of action, the federal court, sitting as another state forum, enforces such right in accordance with applicable state law. See: Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.
 
 
 5
 Boeing concedes that absent the statutory assignment, the United States has no litigable interest in the suit and is, therefore, not a proper party to it. See: United States v. Klein, 8 Cir., 153 F.2d 55; and Louisville & Nashville Railroad Co. v. Rochelle, 6 Cir., 252 F. 2d 730. It is thus clear that the Nebraska Administrator was and is the real party in interest, and the only person with the legal right to bring and maintain this suit; unless as Boeing contends, the widow's assignment of her right in the action, pursuant to federal statute, operated not only to transfer her beneficial interest in the right of action, but to subrogate the United States to the Administrator's right of action and supersede him, as the real party in interest.
 
 
 6
 If, of course, the assignment statute is designed to create or condition a federal right of action, any irreconcilable conflict resulting from incidence of state law must be resolved in favor of the supremacy of federal law. See: Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180; Braunstein v. Commissioner, 2 Cir., 305 F.2d 949; and Case v. Bowles, 327 U.S. 92, 66 S. Ct. 438, 90 L.Ed. 552. But, this federal statute does not purport to create any right of action, or to provide a mode for enforcement of the state created right of action. The state has not only created the asserted right, but has designated the only person who may enforce it. Under the law of Nebraska, the designated Administrator is vested with the exclusive right to bring and control the litigation. See: Luckey v. Union Pac. R. Co., supra. By the assignment, the United States succeeded to the interest of the widow in the state created right of action, i. e., it stands in the widow's shoes. And, it cannot acquire a greater right or different status than the widow-beneficiary and assignor.
 
 
 7
 The widow and next of kin were joined as parties plaintiff, but no one contends that they were authorized to bring this suit, or that they are necessary parties. While they are, to be sure, beneficiaries of the asserted right of action and entitled to the fruits of it, they had no right, under the controlling law of Nebraska, to bring, maintain or control the suit for enforcement of that right, in any court — State or Federal — and they, therefore, could not assign such right to the United States or anyone else. The statutory assignment had no affect whatsoever upon the exclusive right of the Nebraska Administrator to bring and maintain the suit. In these circumstances, we have no occasion to consider whether, under Rule 25(c), the action may be continued by them as original parties. The provision of the assignment statute, to the effect that the "* * * commission may require said beneficiary to prosecute said action in his own name," is likewise inapplicable. Since the Administrator is the real party in interest, we have no need to consider whether, under Rule 25(c), the action may be continued in the name of the Administrator after transfer of the widow's interest to the United States.
 
 
 8
 United States v. New York Foreign Trade Zone Operations, 8 Cir., 304 F.2d 792, did recognize the right of the government to prosecute a suit against a third party, as assignee under § 26, but there was no question of the right of the United States to do so, under the law of the state which created the right. Boeing also analogizes our case to the automatic assignment of "* * * all right of the person entitled to compensation to recover damages against such third person" under § 33(b) of the Longshoremen's And Harbor Workers' Compensation Act. But, no case is cited and we have found none interpreting this section of that Act to authorize the United States to sue in its own name, as assignee, when the law of the state wherein the right accrues specifically designates the only party authorized to bring the suit. We have no occasion to consider whether, as assignee before commencement of the suit, the United States could have brought it, contrary to the exclusionary provisions of the Nebraska statute. It is sufficient for the purposes of our case that the assignment was made after the suit was filed and, indeed, the United States does not assert the right to maintain it here.
 
 
 9
 The Order of the lower Court, denying the defendant's motion for summary judgment, is affirmed, and the case is remanded for further proceedings.